| 39 | 9 |
| 130 | 46¼ |
| 31a | 404 |
| 39 | 9 |
| 131 | 556 |
| 39 | 9 |
| 159 | 454 |
| 39 | 9 |
| 163 | 41 |
| 39 | 9 |
| 165 | 611 |
| 39 | 9 |
| e183 | 177 |
| 184 | 84 |
| 39 | 9 |
| 103a | 4579 |

---

### OLIVER C. MARTIN

*v.*

### JACOB BARNHARDT.

1. ENTRIES OF RECORD—*of the impaneling of a jury—presumption where no exception is taken.* Where it appears from the record of a cause, that there was a jury on the trial below, and that they were duly sworn, in the absence of any exception to the mode in which they were tried, selected and sworn, it will be presumed that it was done according to law.

2. PRESUMPTION *in favor of the regularity of proceedings.* Nothing appearing to the contrary, it will be presumed that courts of general jurisdiction perform their duty and try causes according to the due course of law.

3. JUDGMENT—*its requisites—presumption in regard to its sufficiency.* Upon a verdict for the plaintiff in an action on the case, for three thousand dollars damages, this entry was made: " Judgment entered upon the verdict for $3000, and costs." *Held*, not to be a sufficient entry of a judgment.

4. It cannot be presumed that a judgment has been regularly entered merely because a suit has been instituted, or because a jury has found a verdict in the case, or because the clerk may make such a recital as the above.

5. REMANDING A CAUSE—*whether a new trial must be had.* In a case where no error had intervened prior to the verdict in the cause, which was sufficient to sustain a judgment but no sufficient judgment was entered, the judgment was reversed and the cause remanded with leave to the party to move in the court below for a judgment on the verdict, it being deemed unnecessary to award a *venire facias de novo*.

WRIT OF ERROR to the Circuit Court of Franklin county; the Hon. A. D. DUFF, Judge, presiding.

This was an action of trespass on the case commenced in the court below, by Jacob Barnhardt against Oliver C. Martin. An issue was formed, and the cause came on for trial at the August Term, 1865.

One of the questions arising under the assignment of errors is, whether it sufficiently appears from the record that the jury who tried the cause were regularly selected, impaneled and sworn. The opinion of the court discloses, substantially, what is shown by the record in that regard. The evidence having been closed, the following verdict was returned : " We, the jury, find the defendant guilty, and assess the plaintiff's damages at three thousand dollars."

The entry supposed to have been intended as a judgment, and the sufficiency of which is brought in question, is as follows—a motion for a new trial having been made :

" Which said motion is overruled, and judgment entered upon the verdict for $3,000 and costs, to which the defendant excepts, and prays an appeal to the Supreme Court, which is granted upon his filing bond with Henry Hays, Wm. S. Crawford, or either of them, within thirty days, in the sum of five thousand dollars; and bill of exceptions allowed to be signed in vacation, on or before the 23d day of September next. 2d S."

Messrs. TANNER & CASEY and Messrs. MULKEY, WALL and WHEELER, for the plaintiff in error.

The record does not show that the jury on the trial in the court below were impaneled, tried, elected and sworn to try the issue joined in this cause according to the evidence. 2 Bl. Com. 281.

The judgment in an action of this character should be for damages. 2 Stephens' Nisi Prius, 1025 ; 1 Chitty's Pl. 145. The authorities on this point are uniform.

The record in this case does not show any sufficient judgment. A judgment is not so much the decision of the court as the sentence of the law pronounced by the court after due deliberation and inquiry.

To be valid, a judicial judgment must be given by a competent judge or court at a time and place appointed by law and in the form it requires.    2 Bouvier's Inst. 523;   Stephen's Pl. 105;  Bl. Com. 306.

The declaration in this case claims damages.   The judgment, if there is any, is for three thousand dollars; whether that amount is for a debt or damages does not appear.   The judgment must follow the declaration.   1 Scam. 240.

Where the verdict and judgment are too general the judgment will be reversed.   *Knox et al.* v. *Breed*, 12 Ill. 60; *Austin Adam, etc.* v. *The People, etc.* 11 id. 452; *Hinkly* v. *West*, 4 Gilm. 136; *Lyon* v. *Barney*, 1 Scam. 387.

The record does not show whether it is in debt or damages, neither does it show whether it is in favor of plaintiff or defendant.

Messrs. Allen & Webb, Mr. F. M. Youngblood and Mr. S. E. Flannegan, for the defendant in error.

The record does show that the jury was "duly sworn according to law," and this court will presume that the oath required by law was regularly and formally administered, especially when the record shows no exceptions on the part of the plaintiff in error to any of the jurors, or to the manner or form in which they were sworn.

The judgment was informal but not void.   The record shows that the motion for a new trial was overruled, and judgment on verdict for three thousand dollars.   The objection to the form of the judgment is technical and not substantial.   This court can clearly ascertain, from *data* furnished by the record, what judgment ought to have been rendered in the court below, and will enter that judgment here, without reversing the case. *Prince* v. *Lamb*, Breese, 378; *Wilmans* v. *Bank of Illinois*, 1 Gilm. 667.

It is apparent, from an inspection of the record, that the informality of the judgment in this cause arose from a mistake of the clerk below in entering of record the proceedings and judgment of the court upon the verdict of the jury. This is amendable in this court. Such is the letter and spirit of our statutes of jeofails. Statute 1856, chap. 5, §§ 1, 3, 9 ; *Coughran* v. *Gutcheus*, 18 Ill. 390, and cases there cited; *Frink et al.* v. *Schrover*, 18 id. 416.

The judgment in this case, though admitted to be somewhat informal, substantially follows the declaration, and is supported by the facts contained in the record.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is insisted that this record fails to show that the jury who tried the case in the court below was impaneled and sworn to try the issues in the cause. The record recites that the jury, after being sworn according to law, and hearing the evidence, retired to consider, etc., and returned their verdict into open court. It fails to appear, from the transcript, that any exceptions were taken to the mode in which the jury were tried, selected or sworn, and, in the absence of such exceptions, we must presume that the jury were legally impaneled. It does appear that there was a jury, and that they were sworn, and the record states that it was duly done according to law. From this it may be inferred that the jury were duly elected, tried and sworn according to the requirements of the law. The law indulges the presumption that courts of general jurisdiction perform their duty and try causes according to the due course of law, and unless it appears from the record that the court below has failed in that duty by the omission of some legal requirement, or has decided erroneously, its judgments and orders must be sustained. But, in a direct proceeding, if it fails to appear that the court had jurisdiction either of the parties or of the matter in dispute, or that a judgment has been rendered, then it cannot be sustained as such.

The second and third assignment of errors are substantially the same, and will be considered together. They deny that this record shows that any judgment was ever rendered in this case. Whilst courts will indulge all reasonable presumptions, from what does appear in the record, that the business and proceedings in courts have been in accordance with the practice governing such courts, still we cannot infer that a judgment has been regularly entered because a suit has been instituted, or because a jury has found a verdict in the case, or because the clerk may make this recital: "Judgment on verdict for three thousand dollars and costs." This seems to be no more than a loose memorandum, perhaps made by the judge as a minute on his docket, as a guide to the clerk in making up his record. Instead of which, it looks as if the clerk had literally transcribed it into the transcript for this court. We can hardly imagine that the clerk of a circuit court would make such an entry in the records or rolls of his court and call it a judgment. It does not state, by implication even, that it was found, ordered, considered or adjudged by the court that the one or the other party should have or recover any thing of the other. It does not state by whose or by what authority a judgment was rendered. It fails to state in whose favor or against whom it was rendered, nor does it even award execution.

Whilst it is the duty of courts to regard substance only, and never to deprive parties of their rights simply for the want of mere form, still there must be substance. Whether rights be claimed through records, deeds or written agreements, enough must appear to show what was done. This mere memorandum does not say the court found or did any thing, or even that a judgment was entered, and if it may be sustained as a judgment, we are at a loss to perceive what might not be sustained, if the word judgment only appeared in the entry. With the rapid advance in education, and in all the branches of art and science, which characterizes this age, it is a source of regret, to see the equally rapid decline in the certainty and precision so necessary to the records of our courts of justice. It is the more to be regretted because upon them such vast present and future

interests alone depend. Such a loose and careless mode of pre-
serving the judgments and decrees of our courts renders indi-
vidual rights insecure, and leads to litigation, expense, if not
the denial of justice. It is to be regretted also because a slight
degree only of attention on the part of the officers of the law
could prevent all of the inconvenience, delay and loss incident
to such imperfect records. A clerk when he assumes the per-
formance of the duties of the office undertakes that he is quali-
fied, and that he will perform the duties of his office. We are led
to these remarks, because of the increasing looseness with which
the proceedings of courts are being preserved in their records.

The judgment of the court below, if it be possible to call it
such, is so informal that it must be reversed. But as a careful
examination has failed to show any error previous to the find-
ing of the verdict, and inasmuch as it is sufficient to sustain a
judgment, we deem it unnecessary to award a *venire facias de
novo*, but we reverse the judgment and remand the cause with
leave to the plaintiff to move the court below for a judgment
on the verdict.

*Judgment reversed.*