JOHN W. DAY

v.

THE CITY OF CLINTON.

PRACTICE—RECORD MUST BE FILED IN TIME.—An authenticated copy of the record must be filed in this court within the time prescribed by statute, or leave given for further time upon application made within the time limited for filing the record, or the appeal will be dismissed.

APPEAL from the Circuit Court of De Witt county; the Hon. LYMAN LACEY, Judge, presiding. Opinion filed January 30, 1880.

Mr. M. DONAHUE, for appellant.

Mr. GEO. B. GRAHAM, for appellee.

PER CURIAM. No copy of the record of the judgment appealed from having been filed in this cause as required by the statute, appellee now files a short record showing that an appeal in the cause is pending in this court, and moves the court to dismiss the appeal with damages.

This motion is resisted by appellee upon the ground that, records not authenticated as required by law, were filed on or before the second day of the term, and afterwards stricken from the files by the court, and appellee now asks the court not to dismiss the appeal, but to permit the case to stand for hearing as on writ of error. The statute provides that authenticated copies of records of judgments, orders and decrees appealed from, shall be filed in the office of the clerk of the Supreme Court, or Appellate Court, as the case may be, on or before the second day of the succeeding term of said court;   *   *

otherwise the said appeal shall be dismissed, unless further time to file the same shall have been granted by the court to which said appeal shall have been taken, upon good cause shown.

In the case of Adams et al. v. Robertson, 40 Ill. 40, it was held that, an application for extension of time to file a transcript of the record, brought to that court by appeal, must be made within the time presented by law for filing such transcript, and such we understand to have been the ruling of that court since the decision in that case was announced.

The same construction has repeatedly been given to the statute by this court.    The words, unless further time shall have been granted, refer to the time fixed for filing the record, and make it the imperative duty of the court to dismiss the appeal, unless the motion for extension has at least been made, before the time expires for filing the transcript.    The appellant must either file his record or ask for an extension, before the end of the time fixed by law for filing the transcript, or the court must dismiss the appeal.    No discretion is left for the court to exercise.    If the statute works hardship, the remedy is with the legislature and not the court.    Where no room is left for construction the court must enforce the law as it finds it.

The motion to dismiss the appeal is sustained, and the appeal dismissed.