THE ALTON LIME AND CEMENT COMPANY

v.

JAMES CALVEY.

*Practice.*

The appeal in the case is dismissed, there being no authenticated copy of the record of a final judgment filed in the case as required by Sec. 72, Chap. 110, Starr & C. Ill. Stats.

[Opinion filed January 15, 1892.]

APPEAL from the City Court of Alton, Illinois; the Hon. JAMES E. DUNNEGAN, Judge, presiding.

Messrs. A. & J. F. LEE and A. W. HOPE, for appellant.

Messrs. McNULTY & BAKER, for appellee.

GREEN, P. J.   The only reference to a judgment appears in the bill of exceptions.   There is no transcript of the record

of the entry of a final judgment by the court.    Mere memo-
randums in the bill of exceptions, as in this case—"2d Friday,
verdict opened.    We, the jury, find the defendant guilty and
assess the damages of the plaintiff at $150.    Motion for new
trial, 3d Wednesday.    Motion overruled; exceptions taken.
Motion in arrest of judgment; motion overruled; excep-
tions.    Judgment on verdict for plaintiff for $150, damages
and costs"—do not supply the place of such transcript, or
furnish this court with the required legal evidence showing
that a final judgment was entered in the court below.    The
right of appeal is conferred by statute—Sec. 67, Chap. 110, p.
1832, Starr & C. Ill. Stats.: "Appeals from, and writs of
error to, all Circuit Courts  *  *  *  may be taken to the
Appellate Courts from all final judgments."    Sec. 72, Chap.
110, p. 1835, Ibid., provides that authenticated copies of rec-
ords of judgments appealed from, shall be filed in the office
of the clerk of the Supreme or Appellate Court within a time
named, otherwise the appeal shall be dismissed, unless further
time to file the same shall have been given by the court, to
which said appeal shall have been taken, upon good cause
shown ;  compliance with this provision is essential, in order to
maintain an appeal."    Day v. City of Clinton, 5 Ill. App. 605;
Village of Jefferson v. Bohemian Cem. Ass'n, 5 Ill. App. 230.
In Faulk v. Kellums, 54 Ill. 189, it was recited in the record,
a motion for new trial and in arrest of judgment were denied,
and then followed the statement: "Whereupon the court
enters judgment upon the verdict."    Commenting upon this
entry, and holding it insufficient to show a final judgment, it
is said in the opinion:   "The *ideo consideratum est* is wanting;
it has no element of a judgment other than a bare recogni-
tion of the finding of a jury."    There being no authenticated
copy of the record of a final judgment filed in this case, as
required by said Sec. 72, the appeal is dismissed.

                                    *Appeal dismissed.*