## Joseph Fitzsimmons et al. v. Louis Munch.

|    |    |    |
|----|----|----|
| 74 | 259 |   |
| 83 | 114 |   |
| 74 | 259 |   |
| 84 | 37 |   |
|    | 74 | 259 |
|    | 184 | 85 |
| 74 |    | 259 |
| 98 |    | 1247 |
| 74 |    | 259 |
| 103 |   | 2579 |

1. JUDGMENTS—*On Money Demands.*—If a judgment purports to be final and is given upon a money demand, the amount of the recovery must be stated in it with certainty and precision.

2. SAME.—*Insufficient Record of.*—A record in the following language: "It is therefore ordered by the court that judgment enter herein on the verdict of the jury formerly entered in this cause," is not a judgment.

Trespass on the Case.—Appeal from the Circuit Court of McHenry County; the Hon. CHARLES E. FULLER, Judge, presiding. Heard in this court at the December term, 1897. Appeal dismissed. Opinion filed February 28, 1898.

. JOHN B. LYON and D. T. SMILEY, attorneys for appellants.

O. H. GILLMORE and C. P. BARNES, attorneys for appellee.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

A motion by appellee to affirm the judgment has caused us to inspect the record of the court below filed herein. We find therefrom that upon the trial of this cause, appellee recovered a verdict against appellants for $1,200 damages; that a motion for a new trial was interposed by appellants; that at a later date it was heard and overruled. The record then proceeds as follows: "It is therefore ordered by the court that judgment enter herein on the verdict of the jury formerly entered in this cause." This is followed by a prayer and order of appeal to this court. The foregoing is not a judgment. It is not for a specific sum of money; it does not show for or against whom it is intended to be entered. In Faulk v. Kellums, 54 Ill. 188, there was a verdict for plaintiff assessing his damages at $4,493. After motions for new trial and in arrest had been overruled, the record recited, "Whereupon the court enters judgment upon the verdict." This was followed by a prayer and order of appeal. It was held the record had no element of a judgment. In Alton L. & C. Co. v. Calvey, 41 Ill. App. 597, after the entry of the verdict, and of motions for new trial and in arrest, and denial thereof, the record said, "Judgment on verdict for plaintiff for $150 damages and costs." This was held not to be a record of a judgment. "An order for a judgment is not the judgment, nor does the entry of such order partake of the nature and qualities of a judgment record. * * * If a judgment purports to be final, and is given upon a money demand, the amount of the recovery must be stated in it with certainty and precision." 1 Black on Judgments, Sec. 3.

The prayer and order of appeal in this case and the subsequent action thereunder were therefore premature. The appeal will be dismissed, with leave to appellants to withdraw their record, and with leave to each party to apply to the court below for any further action desired. Appeal dismissed.