Metzger v. Morley.

---

**William Metzger and Richard Snell v. Stephen K. Morley. Same v. Alexander P. Wooldridge.**

| 83 | 113 |
| e87 | 445 |
| s183 | 174 |
| s184s | 81 |
| 83 | 113 |
| s99 | 281 |
| 83 | 113 |
| 103 | 579 |

1. JUDGMENT—*Record Entries, Essentials of, etc.*—The record entries in these cases are memoranda only, from which a judgment may be written by the clerk, but in no proper sense do they contain any of the elements of a final judgment.

2. RECORD—*Clerk's Memoranda.*—The entry, " Judgment on the verdict for $1,521.09," in no proper sense contains any of the elements of a final judgment.

**Appeal,** from the Circuit Court of DeWitt County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1898. Dismissed. Opinion filed June 1, 1899.

A. E. DeMange, attorney for appellants.

Moore, Warner & Lemon, attorneys for appellees.

Per Curiam.

In each of these cases that which, in the record, is contended by appellants to be the final judgment, is in the following words and figures: "Judgment on the verdict for $1,521.09." Motions have been made in this court by appellees to dismiss the appeals taken by the appellants from the judgments, so called; which we have quoted from the record for the reason, as chiefly urged, that the words quoted in no proper sense constitute a judgment. Against this position it is argued that the judgments are defective merely, and for such reason should be reversed. If appellees in this court were contending the words quoted constituted judgments the position of appellant would doubtless be well taken, and in such case they would be so treated and reversed, but such is not the issue made by these motions, the point presented being whether such a record entry by the clerk contains any of the essential qualities of a judgment. The authorities are to the effect that such record entries are memoranda only, from which a judgment may be written by the clerk, but in no proper sense contain any of the elements of a final judgment. (Fitzsimmons v. Munch, 74 Ill. App. 259, and cases cited.) No final judgments appearing in the records in these cases, there were nothing to appeal from, and the appeals will therefore be dismissed.