## Frank H. Cotes v. George W. Bennett et al.

1. CREDITOR'S BILL—*Essential Prerequisites.*—A judgment at law is an essential prerequisite to the right to assail conveyances by the debtor for fraud or to remove fraudulent conveyances out of the way of an execution.

2. MORTGAGE FORECLOSURE—*Deficiency Decrees.*—A decree for a deficiency of proceeds does not have the force and effect of a judgment at law so as to become a lien until the deficiency is ascertained.

**Bill to Set Aside a Conveyance.**—Trial in the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Decree

dismissing the bill for want of equity. Appeal by complainant. Heard in this court at the May term, 1899. Affirmed. Opinion filed July 20, 1899.

ARTHUR KEITHLEY, attorney for appellant, contended that the decree of foreclosure was such a final decree that an appeal could be taken therefrom, and therefore it was a sufficient judgment on which to predicate the bill in this case.

A judgment is not always a prerequisite to a bill to remove a fraudulent conveyance. Steere v. Hoagland, 39 Ill. 264; Houston v. Maddux, 73 Ill. App. 203; Blair v. Ill. Steel Co., 159 Ill. 350.

When a fund can not be reached at law and is only accessible in a court of chancery and the debtor is dead, and his estate insolvent, creditors may resort to equity in the first instance. Houston v. Maddux, 73 Ill. App. 203.

A judgment is required as a foundation for a bill to remove a fraudulent conveyance for the reason only that otherwise a party is denied the right of trial by jury in establishing the liability. Ladd v. Judson, 174 Ill. 344; Scott v. Neely, 140 U. S. 106.

A bill to remove fraudulent conveyances out of the way of a judgment may be filed before execution issues upon such judgment. Wis. Granite Co. v. Gerrity, 144 Ill. 77; Dillman v. Nadelhoffer, 162 Ill. 625.

A judgment need not be a lien upon the land sought to be subjected to its payment at the time the bill is filed to remove a fraudulent conveyance. Weightman v. Hatch, 17 Ill. 281; Davidson v. Burke, 143 Ill. 148.

A fraudulent conveyance may be set aside in an ordinary divorce case where it is in the way of the enforcement of a provision for alimony, to be made in that same case. Draper v. Draper, 68 Ill. 18; Twell v. Twell, 6 Montana, 19.

A decree in a foreclosure case settling the rights of the parties, finding the amount of the debt and directing a sale of the premises, is a final judgment, although it provides for something to be done in the future. Myers v. Manny, 63 Ill. 211; Kirby v. Runals, 140 Ill. 295; Morris v. Morange, 38 N. Y. 173.

WINSLOW EVANS, attorney for appellees.

The decree offered in evidence was not one amounting to a judgment and lien against the defendant, Bennett, upon which complainant was entitled to have execution issued and levied upon the property of Bennett and therefor insufficient to maintain the bill. Newman v. Willetts, 52 Ill. 98; Weis et al. v. Tiernan, 91 Ill. 27.

It was not sufficient as a judgment to sustain the bill because it was not for a specific sum against defendant, Bennett, and could not be until report of sale and order of court thereon. Weightman et al. v. Hatch, 17 Ill. 281.

It was not sufficient as a judgment to sustain the bill, as the alleged cause of action against Bennett on the assumption in the deed was one that could and should be determined in a suit at law. Webster v. Fleming, 178 Ill. 140.

And in a case where a remedy exists to recover a judgment at law, it is absolutely necessary that such judgment be first obtained at law before either a creditor's bill or bill to remove fraudulent conveyances out of the way of an execution can be maintained. Ladd v. Judson, 174 Ill. 344.

MR. JUSTICE DIBELL delivered the opinion of the court.

Henry Greenwood, owning certain real estate in Peoria county, mortgaged it to Frank H. Cotes to secure a debt. Afterward Greenwood conveyed the premises to George W. Bennett, and in the deed it was provided Bennett should assume and pay said mortgage debt. Still later Cotes filed a bill against Greenwood and wife and Bennett to foreclose said mortgage, and had a decree, which, after awarding foreclosure for $1,059.75 with legal interest from December 9, 1897, provided that if the moneys arising from the sale of the mortgaged premises should be insufficient to pay the amount of the decree and costs, " that said master specify the amount of such deficiency in his report of sale, and that on the coming in and confirmation of said report the defendants, Henry Greenwood and George W. Bennett, who are each personally liable for the payment of the debt secured by said mortgage, pay to the complainant the

amount of such deficiency, with interest thereon from the date of such last mentioned report, and that the complainants have execution therefor against the said Henry Greenwood and George W. Bennett." The master advertised the property for sale pursuant to said decree, but there were no bids and he did not sell.

Thereupon Cotes began this suit in equity against George W. Bennett and Frederick W. Bennett to set aside a warranty deed from George W. Bennett to Frederick W. Bennett of certain other real estate in Peoria, and a mortgage of still other real estate in Peoria from George W. Bennett to Frederick W. Bennett, purporting to secure a debt of $1,000, it being alleged as the ground for relief that said instruments were without consideration and were made to defraud Cotes and other creditors of George W. Bennett. Defendants answered, the cause was referred to a master, and he took evidence and filed his report, after overruling objections thereto. Exceptions thereto were filed in the Circuit Court and the court overruled them, approved the report, and dismissed the bill for want of equity. Complainant appeals.

The master reported that Cotes had no judgment against George W. Bennett, and therefore was not entitled to the relief prayed in the bill. The rule is well established in this State that a judgment at law is an essential prerequisite to the right to assail conveyances by the debtor for fraud or to remove fraudulent conveyances out of the way of an execution. We are therefore called upon to determine whether the quotation above given from the foreclosure decree is a judgment within the meaning of the doctrine above referred to. In 2 Jones on Mortgages, Sec. 1709, speaking of deficiency decrees, that author says:

" The judgment contemplated is one for the balance of the debt remaining after applying toward it the proceeds of the sale. The first step is to ascertain what the amount of the balance is. Therefore a judgment for a deficiency can be had only when the sale is completed; and it can only be known what the deficiency is upon the coming in of the report of the sale, and the confirmation of this. The usual practice

is for the referee (master) to state the amount of the deficiency in his report of the sale, and to determine who of the defendants are liable to pay the same to the plaintiff. This is provided for in the original judgment. There can generally be no contingent judgment for such deficiency entered beforehand."

And again, in Sec. 1720 : " The decree for a deficiency of proceeds does not have the force and effect of a judgment at law so as to become a lien until the deficiency is ascertained. This deficiency can only be ascertained from the sale."

The decree in question is not a judgment against George W. Bennett for $1,059.75, or any other sum. It does not award execution for that or any other ascertained sum. A judgment must be for a specified sum of money. (Fitzsimmons v. Munch, 74 Ill. App. 259.) There is as yet no deficiency. It is not yet ascertained that there will be a deficiency. No execution could issue upon the decree above quoted. A deficiency must arise and the amount thereof must be judicially ascertained before an execution can issue. The decree in question does not answer the definition of a judgment for a specific sum of money with an award of execution for its collection. Therefore Cotes is not a judgment creditor of George W. Bennett and can not maintain this bill. We are not now called upon to decide whether such a deficiency decree, if one should be rendered, would answer the purpose of that " judgment at law " which, in Ladd v. Judson, 174 Ill. 344, and many other cases in this State, is held an indispensable prerequisite to the maintenance of a creditor's bill. The decree is affirmed.