WILLIAM METZGER *et al.*

*v.*

STEPHEN K. MORLEY.

*Opinion filed February 19, 1900.*

1. JUDGMENTS AND DECREES—*what not a sufficient entry of judgment.* A recital by the clerk in writing upon the record, in the words "and judgment on the verdict," naming a certain sum, is not a sufficient entry of judgment, nor does it indicate that a judgment was regularly entered by the trial court.

2. APPEALS AND ERRORS—*when appeal must be dismissed by Appellate Court.* An appeal must be dismissed by the Appellate Court where the appellant assigns as error that the record does not show any final judgment of the trial court, and the appellee admits the error and moves to dismiss the appeal upon that ground.

*Metzger* v. *Morley*, 83 Ill. App. 113, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of DeWitt county; the Hon. W. G. COCHRANE, Judge, presiding.

This is an action of assumpsit, brought by the appellee, Stephen K. Morley, against the appellants, William Metzger and Richard Snell. The plea of non-assumpsit and certain special pleas were filed. Some of the special pleas were demurred to, and the demurrers thereto were

184—6

sustained; but the demurrer to the fourth special plea
was overruled. The pleas, to which the demurrers were
sustained, were amended, and demurred to as amended;
and the demurrers to the amended pleas were sustained.
Replications were filed to the fourth plea, and issue was
joined thereon. The cause was tried before the court
and a jury, and a verdict was rendered in favor of the
plaintiff below for $1521.09.

The defendants below, appellants here, entered their
motion for a new trial, which was overruled, and the clerk
of the circuit court wrote up the record as follows: "And
the court having heard the motion, court overruled the
same. And judgment on the verdict for $1521.09. And
now come the defendants and pray an appeal, and ap-
peal allowed on his giving bond in the sum of $3000.00
in twenty days to be approved by the clerk. Bill of
exceptions to be filed in 120 days."

The foregoing entry is the only one appearing in the
record, which can be claimed as tending to show that
a final judgment was rendered in the case. The bill of
exceptions does not show that there was any exception
taken by the appellants to any judgment; it only shows
that there was an exception to the order of the court,
denying the motion for a new trial.

The appellants took an appeal to the Appellate Court,
and in the Appellate Court assigned, among other errors,
the following: "There is nothing in the record which
shows a judgment of the court." "The court erred in
overruling the motion for a new trial and then failing
to act by rendering judgment for either plaintiff or de-
fendants." In their argument in the Appellate Court, the
appellants contended that "the record does not show any
judgment was ever rendered, the record merely showing
that the court heard the motion for a new trial and over-
ruled it, which recital is in the following words: 'And
judgment on the verdict for $1521.09.' There is nothing
to indicate that it was found, ordered, considered or ad-

judged by the court that appellee or appellants, either one, should have or recover of the other the sum named, and fails to award execution to either party."

In the Appellate Court the appellee moved to dismiss the appeal upon the ground that no judgment had been rendered or entered in the case. The Appellate Court, after considering the suggestions submitted by appellee in support of and by appellants in opposition to the motion, sustained it as prayed, and dismissed the appeal. The present appeal to this court is from the order of the Appellate Court dismissing the appeal.

A. E. DeMange, and J. E. Hoffman, for appellants.

Moore & Warner, for appellee.

Mr. Justice Magruder delivered the opinion of the court:

The only question presented by this record is, whether or not the Appellate Court erred in dismissing the appeal from the circuit court. The order of the Appellate Court dismissing the appeal does not recite the reasons for such dismissal, but the record of the Appellate Court shows the written motion of the appellee for the dismissal of the appeal, and also shows the reasons in writing upon which the motion was based. (*Randolph* v. *Emerick*, 13 Ill. 344; *Moore* v. *Williams*, 132 id. 591). The main reason, urged in favor of the dismissal of the appeal, as embodied in writing in the motion therefor, was that no valid judgment had been entered in the cause by the court below, from which an appeal could be taken.

The following recital, made by the clerk in writing up the record, to-wit: "And judgment on the verdict for $1521.09," does not indicate that a judgment was regularly entered by the circuit court. The recital, so made by the clerk, amounts to nothing more than a loose memorandum, evidently intended as a guide to the clerk in

making up his record at some subsequent time. Such an entry by the clerk cannot be called a judgment. "It does not state, by implication even, that it was found, ordered, considered, or adjudged by the court that the one or the other party should have or recover anything of the other. It does not state by whose or by what authority a judgment was rendered. It fails to state in whose favor or against whom it was rendered, nor does it even award execution." (*Martin* v. *Barnhardt*, 39 Ill. 9). We have held that such an entry by the clerk, as is above quoted, is not a sufficient entry of a judgment. (*Martin* v. *Barnhardt, supra; Faulk* v. *Kellums*, 54 Ill. 188; *Meyer* v. *Village of Teutopolis*, 131 id. 552).

Where such an insufficient entry, as is here under consideration, has been made by the clerk, and where it appears that there is no error in the record anterior to the verdict of the jury, and such verdict is sufficient to sustain the judgment, we have held that it is unnecessary to award a *venire facias de novo*, but that the judgment should be reversed, and the cause should be remanded to the lower court with leave to the plaintiff below to move in that court for a proper judgment upon the verdict. (*Martin* v. *Barnhardt, supra; Meyer* v. *Village of Teutopolis, supra*).

If the appellee had contended in the Appellate Court, that the entry, so made by the clerk of the circuit court upon the record, was a sufficient judgment, and had asked for an affirmance thereof, then the Appellate Court would have followed the proper practice by entering an order, reversing the judgment of the circuit court, and remanding the cause to that court with leave to the appellee to move for judgment upon the verdict; but appellee did not insist in the Appellate Court that a proper judgment had been entered by the circuit court. On the contrary, the appellee made a motion in the Appellate Court to dismiss the appeal for the reason, that no valid judgment had been entered in the cause by the circuit court, from which

an appeal could be taken. By thus moving to dismiss the appeal, the appellee admitted the contention of the appellants, that no valid judgment had been entered by the circuit court.

It thus appears that, in the Appellate Court, both parties admitted that no final judgment had been entered by the circuit court. The appellants claimed, by their assignments of errors in the Appellate Court, that there was nothing in the record to show a judgment of the circuit court; and the appellee, by his motion to dismiss the appeal, admitted the claim thus made by the appellants in their assignments of error. Upon this state of facts, we are of the opinion that the Appellate Court committed no error in dismissing the appeal. (*Alton Lime and Cement Co.* v. *Calvey*, 41 Ill. App. 597; *Fitzsimmons* v. *Munch*, 74 id. 259).

Section 67 of the Practice act provides, that "appeals from and writs of error to all circuits courts * * * may be taken to the appellate courts from all final judgments, orders, and decrees," etc. Section 72 of the same act provides, that "authentic copies of records of judgments, orders and decrees appealed from, shall be filed in the office of the clerk of the Supreme Court or of the Appellate Court, as the case may be," within a time named, and that "otherwise the said appeal shall be dismissed," etc.

As an appeal from the circuit court to the Appellate Court can only be taken from a final judgment, and, as it was admitted in the Appellate Court that no final judgment had been entered by the circuit court, the dismissal of the appeal by the Appellate Court followed as a necessary consequence when the appellee made a motion therefor.

The judgment of the Appellate Court, dismissing the appeal from the circuit court, is affirmed.

*Judgment affirmed.*