The People of the State of Illinois, Plaintiffs in Error, v. George M. Jamison et al., Defendants in Error.

## Gen. No. 5319.

1. PLEADING—*what in action upon official bond not defective.* In an action upon a sheriff's bond it is not necessary that the declaration should aver for whose use the suit is brought.

2. PLEADING—*what question cannot be raised by demurrer.* The propriety of the prosecution of an action upon a sheriff's bond by a state's attorney is a question which cannot be raised by demurrer.

3. PLEADING—*how assignments of breaches of official bond should be alleged.* Assignments of breaches of an official bond should be specific and definite and the allegations of breaches are to be construed most strongly against the pleader.

4. STATE'S ATTORNEY—*propriety of institution by, of action upon official bond.* The state's attorney is a proper official to institute an action upon a sheriff's bond to recover taxes alleged to be the property of various municipal corporations.

5. JUDGMENTS—*when void for uncertainty.* A judgment which decrees that certain defendants (less than all) "go hence without day" is void for uncertainty, if it does not specifically set forth what defendants are intended. Such a judgment record cannot be aided by reference to other parts of the record in the cause.

6. AMENDMENTS AND JEOFAILS—*dismissal of party defendant.* The court having control of a cause should permit the plaintiff on his own motion to dismiss one of the defendants out of the cause.

Action in debt. Error to the Circuit Court of Henderson county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the April term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

W. H. STEAD and JAMES W. GORDON, for plaintiff in error; ISAAC N. BASSETT and L. H. HANNA, of counsel.

SAFFORD & GRAHAM and SCOFIELD & CALIFF, for defendants in error.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

This is an action in debt brought on the official bond of Truman C. Allen, sheriff and ex-officio collector of Henderson county, to recover certain tax moneys claimed to have been received by Allen from Joseph P. Morey, his predecessor in office, and converted by Allen to his own use. An amended declaration filed March 2, 1908, alleged that the bond sued on was executed in compliance with the statute as the collector's bond for Henderson county for the year 1902, by Truman C. Allen as principal, and Robert Hodson,

George M. Jamison, Henry N. Ives, George F. Galbraith, Thomas Maley, C. Henry Brainard, Joseph Thompson, John Stine, John Marshall, Robert W. Marshall, James C. Hogue and William Adair, as sureties; and that after its execution, the said Joseph Thompson died intestate, and that Mary Thompson and G. M. McGaw were appointed administrators of his estate, and that the said John Stine died testate and that Edward Stine was appointed executor of his estate. The declaration stated the penalty in the bond, and that it contained the condition that, if said Allen should perform the duties required to be performed by him as collector of taxes for the year 1902, in time and manner prescribed by law, and, when succeeded in office, should surrender and deliver up to his successor, books, papers, money, etc., pertaining to the office, the bond should be void, otherwise it should remain in full force. Three breaches of the condition of the bond were assigned. The first breach averred that Allen, after the execution of said bond, received as collector of taxes, money collected for taxes in said county; and that he afterwards converted the same to his own use; that he did not perform all the duties required to be performed by him as collector of taxes for the year 1902, in time and manner prescribed by law, and did not when succeeded in office surrender and deliver over to his successor all the money pertaining to the office. The second and third breaches were substantially alike, and alleged, that prior to the first Monday of December, 1902, one Joseph P. Morey was acting as sheriff and collector of taxes for the county of Henderson, and that Allen was elected and became his successor in office, and that, thereafter, Morey delivered to said Allen as such sheriff and collector, $15,892, collected by said Morey for taxes in said county; that Allen, as such sheriff and collector, received said money from Morey as his successor in office; that said Allen afterwards unlawfully converted to his own use $10,-000 of said amount, and did not when succeeded in office, deliver to his successor all moneys pertaining to said office according to the condition of the bond.

The defendants, George M. Jamison, Robert Hodson,

Henry B. Ives, George F. Galbraith, C. Henry Brainard, Edward Stine, John Marshall, Robert W. Marshall, James C. Hogue and William Adair demurred to the declaration. The remaining defendants, Truman C. Allen, the principal, Thomas Maley, one of the sureties, and the personal representatives of Joseph Thompson, a deceased surety, did not join in the demurrer, and no action was taken by the court as to these defendants. The demurrer was overruled as to the first breach, and sustained as to the second and third breaches. Plaintiff then dismissed the cause as to the first breach, and elected to abide by the declaration as to the second and third breaches. Thereupon, there was a judgment that the defendants demurring go hence without day. From such judgment plaintiff prosecuted an appeal to this court, which was dismissed on the ground that it was prematurely brought, as the case was still pending in the court below against the defendants not joining in the demurrer, and therefore the judgment was not final. People v. Jamison, 141 Ill. App. 406. The order of this court dismissing the appeal was filed in the court below, whereupon plaintiff dismissed from the cause defendants G. M. McGaw and Mary Thompson, administrators of the estate of Joseph Thompson, deceased, and Truman C. Allen and Thomas Maley, but was denied leave to dismiss the cause as to John Stine, executor of the estate of Edward Stine, deceased, leaving in the case only the defendants who demurred to the amended declaration on March 2, 1908. This writ of error was sued out to review the judgment.

It is urged in support of the demurrer that the declaration is defective because it does not show for whose use the suit was brought. This is virtually taking the position that it was necessary to bring as many suits as there were bodies entitled to receive some portion of the taxes remaining in Allen's hands when he went out of office. The fact that one person sues for the use of another does not make the person for whose use the suit is brought a party to it, nor is the judgment rendered a judgment in his favor. Schott v. Youree, 142 Ill. 233; Northrop v. McGee, 20 Ill. App. 108.

The fact that a suit is brought for the use of a third person need not be expressed in the record. American Express Company v. Haggard, 37 Ill. 465. It follows that the insertion of the name of the usee may be regarded as surplusage, at least on demurrer. Northrop v. McGee, *supra*. In Buckmaster v. Beames, 4 Gilm. 443, a suit upon a replevin bond, it was held that the nominal plaintiff was the only one of whom the court would take notice; and that the fact that one of several parties interested had brought suit in the name of the sheriff, could not be questioned by a demurrer. In our opinion it was not necessary that the declaration should aver for whose use the suit was brought.

Counsel also argue in support of the demurrer, that the statute does not authorize the state's attorney to bring such a suit as state's attorney; that as state's attorney he is not the lawful representative of the cities, villages and school districts of the county. This was an action to recover a penalty for the breach of the condition of the bond, running in the name of the People, and we think that the state's attorney was authorized by section 5, chapter 14 of the Revised Statutes to prosecute the suit, and was, for that purpose, the legal representative of the municipal corporations entitled to the tax money. But this question could not be raised by demurrer.

Counsel also argue that the declaration does not show a state of facts authorizing Morey to pay the taxes to Allen and that Allen's sureties are not liable; that the declaration wholly fails to set forth facts from which it would appear that the moneys alleged to have been converted were taxes collected or received by virtue of any law. It was the duty of Morey, Allen's predecessor, to pay over to his successor, at the expiration of his term, all money in his hands, collected by him by virtue of his office; and it was Allen's duty to receive such money as collector, and turn over what remained in his hands to his successor at the expiration of his term. Hurd's Revised Statutes, sec. 145, chap. 120. The declaration averred, and the demurrer admitted, that Allen, as collector, received the money by virtue of his office from his pred-

ecessor, Morey, who collected the same as taxes, by virtue of his office; and that Allen failed to turn over to his successor the money in his hands at the expiration of his term. These allegations are sufficient to charge the sureties so far as the allegations are questioned by the special demurrers. People v. Gillespie, 47 Ill. App. 522; People v. Cooper, 10 Ill. App. 384. It was held in Walker v. People, 95 Ill. App. 637, that county collectors and sureties on their bonds are liable for all tax money collected, until the same is properly accounted for as provided for by the Revenue Act. In People v. Gillespie, *supra*, it was held that neither a collector nor his sureties can be heard to say that the levy was improperly made, or that the tax was collected without proper authority. It was not necessary to aver that the taxes were collected and received by virtue of law.

It is argued that plaintiff in error is seeking to maintain an action against an intermediate number of obligors and for that reason the judgment should be affirmed under section 13 of chapter 103 of the Revised Statutes. A suit on an official bond may be maintained against any one or more of the parties executing the same; so that the dismissal of some of the signers of the bond from the suit does not deprive the court of jurisdiction over the other signers, and the common law rule that a suit on a bond signed by several must be against one or all who are living does not apply.

There are one and perhaps two defects in this declaration not raised by the special demurrer nor discussed by counsel. The second and third breaches in question here charge that Morey, the preceding sheriff and collector of taxes, paid over to Allen as his successor $15,892 which Morey had previously collected for taxes, and that Allen received said money by virtue of his office and afterwards unlawfully converted it to his own use. It does not follow that he did not afterwards pay said money to those who were lawfully entitled to receive the same, for these breaches only allege in general terms that when he was succeeded in office he did not deliver to his successor all money appertaining to said office but refused so to do. These assignments are to be con-

sidered most strongly against the pleader and they do not allege that the money which he failed to deliver to his successor was any part of the $10,000 in question. For aught that appears in these breaches Allen may have afterwards paid out to the proper parties all of this $10,000, and the money which he failed to deliver to his successor may have been entirely other and different money from that named in the previous part of the assignment of breaches. We are of opinion this assignment should be more specific.

There is however another defect in this declaration which has given us much trouble. The suit is brought not only against those signers of the bond who were still living when the suit was brought but also against Edward Stine, as executor of the will of John Stine, a deceased signer, and against the administrators of the estate of Joseph Thompson, another deceased signer, and such was the state of the case when this demurrer was sustained. All these parties were liable upon this bond if its condition had been violated but they could not be lawfully joined in the same action because the judgments must be different if the plaintiff succeeded. As to the living signers the judgment would be for a specific sum of money as damages to be collected upon an execution against the living defendants. As to the executor of Stine the judgment must be that the sum found due as damages be paid by the executor in due course of administration of the estate of John Stine; that is, paid after all claims of earlier classes of debts are paid in full, and pro rata with all other claims allowed of the same class. As to the administrators of the estate of Joseph Thompson, deceased, the judgment must be for the payment of the damages out of the assets of that estate, in like due course of administration. To dispose of all the rights of the plaintiff, if it is entitled to recover on this bond would require three different judgments. These cannot be rendered in one action. This defect can be raised on demurrer. The demurrer was special and did not point out this defect. We do not feel called upon to decide whether it was raised by the general demurrer which

preceded the special grounds of demurrer, for the reasons hereinafter stated.

The judgment on demurrer here sought to be reviewed is void on its face. After the demurrer had been overruled as to the first breach assigned in the amended declaration and sustained as to the second and third breach assigned therein, and the plaintiff had dismissed the cause as to the first breach and elected to abide by the second and third breaches, the record proceeds as follows: "Therefore it is considered by the court that the defendants demurring go hence without day and judgment is hereby rendered in their favor on said demurrer." This was a judgment for part and not for all of the defendants in the case. There is nothing in the record written by the clerk which shows which defendants demurred and which did not. If all the defendants had demurred then a judgment that the defendants go hence without day would have been valid because that would mean all the defendants, and the title of the case written by the clerk preceding the orders of each day would show who the defendants were. It appears from the order that it is only a part of the defendants who go hence without day. It is necessary that the defendants should be named, for a record must always show in whose favor a judgment is rendered. The name of the parties for whom and against whom the judgment is rendered must be ascertainable from the record of the court written by the clerk.

The rule that a judgment must be specific and definite and if it lacks these elements it is void is variously stated and applied in the following authorities: Martin v. Barnhardt, 39 Ill. 9; Faulk v. Kellums, 54 Ill. 188; Meyer v. Village of Teutopolis, 131 Ill. 552; Metzger v. Morley, 184 Ill. 81; Alton Lime & Cement Co. v. Calvey, 41 Ill. App. 597; Fitzsimmons v. Munch, 74 Ill. App. 259; Metzger v. Morley, 83 Ill. App. 113; Cotes v. Bennett, 84 Ill. App. 33, and 183 Ill. 82; Dickinson v. Rahn, 98 Ill. App. 245; 1 Black on Judgments, sec. 116.

It is true that by looking at the demurrer on file it can be ascertained who the demurring defendants were, but that

is not sufficient. The record which the law authorizes the clerk to write must somewhere show in whose favor the judgment was rendered. The demurrer may be lost from the files, and if that should happen it would require oral proof to determine in whose favor this judgment is rendered, and which of the defendants were not released thereby. It is obvious that the judgment of the court cannot be permitted to rest upon parol evidence as to the names of the parties in whose favor the judgment is rendered. As this was a void judgment all the parties still remained before the court. As already stated the suit was afterwards dismissed as to the administrators of Thompson's estate, and that defect was thereby cured. As the court still had in effect control of the entire case it should have granted the motion of plaintiff to dismiss the suit as to the executor of John Stine. It is obvious that the declaration also should be amended in regard to the matter of said estates. As the judgment is void and the defects to which we have alluded were not raised by the special demurrer, nor discussed by counsel, we are of the opinion that upon the reversal of the judgment the plaintiff should be given leave to dismiss as to the executor of John Stine and to amend the declaration generally.

The judgment is therefore reversed and the cause is remanded for further proceedings in conformity with its opinion.

*Reversed and remanded.*