## Thomas Lynch, Appellee, v. Spare Motor Wheel of America, Limited, Appellant.

### Gen. No. 17,863.

1. APPEALS AND ERRORS—*what appealable.* A record which shows that the final order appealed from is a mere memorandum reciting that motions for a new trial and in arrest of judgment were overruled, that a "judgment on the verdict" for a stated amount fol-

lowed and that an appeal was prayed and allowed does not show any appealable order or judgment.

2. APPEALS AND ERRORS—*final order or judgment.* There is no final order or judgment in a case where an order or judgment appealed from is not a judgment but is a mere memorandum, and an order of judgment referred to therein is a judgment by confession which was opened up and a trial had, but the record does not show that any order was entered overruling a motion for new trial or that judgment was entered on the verdict.

3. COSTS—*when each party may be required to pay his own costs.* On appeal, where no final order or judgment is before the appellate court, and the cause is remanded with leave to appellee to move for judgment on the verdict, each party may be required to pay his own costs on the appeal.

Appeal from the Circuit Court of Cook county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Remanded with leave to move for judgment on the verdict. Opinion filed March 28, 1913.

WILLIAM C. MCHENRY, for appellant.

JESSE LOWENHAUPT and LEWIS F. JACOBSON, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

In this case the record shows the following as the order or judgment appealed from:

"Thomas Lynch vs. The Spare Motor Wheel of America, Ltd. 289849—5470. Motion of defendant for new trial overruled, exception by defendant. Motion of defendant to vacate order of judgment entered on March 22, 1909, allowed, exception by plaintiff; motion of defendant in arrest of judgment overruled, exception by defendant, and judgment on the verdict for thirty-eight hundred sixty-six dollars and forty-eight cents ($3866.48) exception by plaintiff and defendant, appeal prayed by defendant to Appellate Court and allowed upon filing bond in the sum of $6000.00 in forty days (40) to be approved by the clerk of the court and bill of exceptions to be filed in sixty days. H. B. Scholfield, Judge."

This is not a judgment. It is a mere "loose memorandum, evidently intended as a guide to the clerk in making up his record at some subsequent time." Metzger v. Morley, 184 Ill. 81; Martin v. Barnhardt, 39 Ill. 9; Santa Clara Valley M. & L. Co. v. Prescott, 238 Ill. 625.

The "order of judgment entered on March 22, 1909" referred to in the memorandum appears from the record to be a judgment entered by confession in favor of appellee against appellant for $4339.00 and costs. This judgment, however, was not appealed from, but on October 25, 1909, by an order duly entered of record, leave was given to plead to the declaration, upon which said judgment was based, the judgment to stand as security. The record further shows that pleas were filed and that a jury trial was had in February, 1911, resulting in a verdict in favor of appellee for $3866.48, and that appellant entered a motion for a new trial. So far as the record shows, no order overruling the motion for new trial and no judgment on the verdict has ever been entered of record in this cause. There is therefore no final order or judgment before us for review.

Following the rule announced in Metzger v. Morley, *supra,* as to the proper practice in such cases, the cause will be remanded to the Circuit Court, with leave to the appellee to move for judgment on the verdict, if he shall be so advised, each party to pay his own costs on this appeal.

*Remanded with leave to move for judgment on the verdict.*