## The Millikin National Bank of Decatur, Appellant, v. Harvey S. Gebhart, Appellee.

### Gen. No. 8,046.

1. Pleading—*when special demurrer necessary.* The question as to whether matters set up in a special plea in assumpsit could have been shown under the plea of nonassumpsit must be raised by special demurrer.

2. Guaranty—*when plea setting up release defective.* A special plea setting up a release of defendant on a guaranty held too general and indefinite in character to require a reply from plaintiff.

3. Appeal and error—*when judgment not final in form.* A judgment on a special plea to a declaration in assumpsit which does not determine all the issues of law and fact pending, or state that plaintiff shall take nothing or defendant shall go hence without day, or show exactly what was determined without reference to a special plea, is not such a final judgment as to permit plaintiff to appeal therefrom.

Appeal by plaintiff from the Circuit Court of Macon county; the Hon. Franklin H. Boggs, Judge, presiding. Heard in this court at the October term, 1926. Appeal dismissed. Opinion filed February 28, 1927. Rehearing denied and opinion modified and refiled April 12, 1927.

Mills Bros. & Armstrong, for appellant.

Le Forgee, Black & Samuels, for appellee.

Mr. Justice Shurtleff delivered the opinion of the court.

This is an action of assumpsit by appellant bank against appellee. By its declaration, appellant averred that on January 23, 1919, appellee and eight other persons, including one Julius L. Burtschi, made and delivered to appellant an unsealed contract of guaranty as follows:

"In Consideration of the sum of one dollar to each of the undersigned paid, the receipt of which is hereby acknowledged, and the further consideration that the
Millikin National Bank
of Decatur, Illinois,
has given or will give accommodations to the Pan American Motors Corporation of Decatur, Illinois, we for ourselves, and for our heirs, executors, administrators and assigns, jointly and severally, hereby guarantee and promise to pay or cause to be paid to the said Bank or its assigns, on demand, as the same become due, all and every such sums of money (together with seven per cent interest thereon from the time of the advancement of the same) as have already been or hereafter shall or may be paid or advanced by said Bank to said Pan American Motors Corporation by reason of loans, discounts, overdrafts, accepting or paying drafts, checks, bills or promissory notes, of said Pan American Motors Corporation, or by its discounting for them any bills of exchange or promissory notes, or by affording to them any other pecuniary assistance.  Our liability hereunder is limited to the sum of Forty Thousand Dollars.

"Additional credits shall not be given on the faith hereof after we, or either of us, shall have given written notice to such Bank not to do so; but our liability hereunder shall continue until all indebtedness existing at the time of giving said notice, or any extension thereof, is fully paid.

"The taking of other securities or endorsements shall is no way affect our liability hereunder.  Notice from the Millikin National Bank of the acceptance of this guarantee is hereby expressly waived.

"Dated at Decatur, Illinois, this 23rd day of January, A. D. 1919."

That appellant received such instrument and relied upon the guaranties and promises therein contained; that, so relying, January 27, 1919, it paid and ad-

vanced to said Pan American Motors Corporation by reason of loans, the sum of $35,000; that, to evidence such indebtedness, said Pan American Motors Corporation gave appellant its two notes, dated January 27, 1919, for $15,000 and $20,000, due 90 days and 4 months after date, respectively; that such notes were renewed from time to time (the various renewals being set out specifically), until they resulted in two notes, one dated December 12, 1919, for $15,000, due on demand, and the other dated May 27, 1920, for $20,000, likewise due on demand; that the moneys so paid and advanced to Pan American Motors Corporation had not been repaid in full; that there was due April 6, 1925, on account thereof, $31,512.18; that it then and there demanded of appellee the amount so due, and that appellee had not paid.

A general and special demurrer to the declaration was filed and overruled and appellee thereafter filed a plea of nonassumpsit and 19 special pleas, by one of which, the seventeenth special plea, appellee averred:

"And for a further plea in this behalf the defendant says that the plaintiff ought not to have its aforesaid action against him, because he says that after the signing and delivering of the said instrument of guaranty in plaintiff's declaration set forth, to-wit: upon the 6th day of May, 1919, the plaintiff, by one of its officers, then and there promised one Julius L. Burtschi, one of the signers of said instrument of guaranty, that he should be released from his obligations and promises in said written guaranty in plaintiff's declaration set forth, and that plaintiff would obtain another instrument of guaranty of like tenor and effect, and that the said Julius L. Burtschi would not be required to sign the same, and the defendant avers that the plaintiff did then and there release the said Julius L. Burtschi from his promises and obligations in said guaranty mentioned, and did thereafter obtain another

written guaranty of like tenor and effect and that said other instrument of guaranty was not signed by the said Julius L. Burtschi. By reason whereof this defendant has been and is discharged in law from any liability to the plaintiff on account of said instrument of guaranty in its declaration mentioned, and this the defendant is ready to verify. Wherefore, it prays judgment, etc.''

To this plea appellant filed its general and special demurrer, charging that the plea averred conclusions instead of facts; that it failed to aver whether there was any consideration, or what consideration, if any, for the pretended release to Burtschi; that it failed to aver whether such pretended release was by parol or in writing, whether or not it was under seal, and if in writing, that it failed to set forth the same either in substance or *in haec verba;* and that it was otherwise uncertain, informal and insufficient. This demurrer was overruled by the court and appellant electing to abide by its demurrer, the court entered judgment for defendant against the appellant on the plea in bar of the action as to the seventeenth plea and for costs. At the time this judgment was entered, issues had been made up on the plea of nonassumpsit and on other pleas. From this purported judgment appellant has appealed to this court and the record is before us for review.

Appellee uses considerable space to support the judgment in contending that all of the matters set out in the plea could have been shown under the plea of nonassumpsit and, therefore, appellant was not injured and the issue before this court is a moot question. It is true that appellant did not demur specially to the plea on the ground that the matters could have been shown, under the plea of nonassumpsit, without which the question could not have been raised. *Wadhams v. Swan,* 109 Ill. 46.

It is further contended by appellee in support of the judgment and the plea that "the contract in question might have been discharged, by performance, by operation of law, by abandonment, by waiver, by breach of its terms, by another contract substituting the original and by a number of other means, and that, although a contract may not be terminated, it may be that it is not enforceable because of a waiver or estoppel arising from the conduct and action of the parties concerned," and suggesting that the matters set up in the plea are sufficient to effect a waiver or release of appellee from the liability of the guaranty. It becomes pertinent to analyze the averments as stated in the plea. The plea charges:

First, that plaintiff, appellant, by one of its officers promised Burtschi that he should be released;

Second, that the plaintiff would obtain another instrument of guaranty of like tenor and effect, and that Burtschi would not be required to sign the same;

Third, And the defendant avers that the plaintiff did then and there release the said Burtschi from his promises and obligations in said guaranty; and

Fourth, (Plaintiff) did thereafter obtain another written guaranty of like tenor and effect, and that said other instrument of guaranty was not signed by the said Burtschi, by reason whereof this defendant has been and is discharged in law, etc.

The first and second allegations made by an officer of the bank amount to no more than expression of opinion; in the first, as to what ought to be done; and in the second, as to what the bank would do in the future. The fourth allegation is that after appellee had been discharged appellant did procure another written guaranty of like tenor and effect, not signed by Burtschi, which could have no bearing of any kind upon Burtschi's release. The entire plea is based upon the third statement or conclusion, that plaintiff did then and

there release the said Burtschi.    The statement is that the corporation bank released.

What was said in *Beardsley v. Smith,* 139 Ill. 294; *Cairo & V. R. R. Co. v. Dodge,* 72 Ill. 255, and *People v. Sleight,* 302 Ill. 47, would seem to indicate that the plea at bar was too uncertain and general to require appellant to reply to the same.

Upon further consideration of the entire record, it is the opinion of a majority of this court, upon its own motion, that the record shows a judgment, defective in form.    The record recites the filing by appellee of the fifteenth, seventeenth and nineteenth special pleas, by leave of court, appellant's demurrer to the same, and recites: ''The court being well and sufficiently advised in the premises sustains the demurrer to the fifteenth and ninteenth special pleas and overrules said demurrer as to the seventeenth special plea.    Therefore, it is ordered by the court that judgment be entered herein against plaintiff in bar of action, as to the seventeenth special plea and for costs.''

At the time of this entry there were other issues of law and fact pending in said cause of which no disposition had been made.    The form of this judgment does not pretend to have determined all of the issues in this case or to bar appellant's action, except as to the seventeenth special plea.    It is held in Freeman on Judgments (2nd ed.) section 20: ''Sometimes several issues of law and fact are presented for the consideration of the court in the same suit or proceeding.    In such case there can be no judgment from which an appeal may be taken until all the issues are determined. For although the determination of an issue of law is a trial, and the decision rendered thereon is not an order within the definition of the code of New York but a judgment, still it is not until the final judgment is entered that an appeal will lie.''    In 33 C. J. 1190, it is held that: ''The entry must show that the issues between the parties have been adjudicated, and show

with certainty the matters determined." It is further held: "Each judgment entered during a term must be of itself full and in proper form, and the imperfections of one cannot be corrected by reference to another. A judgment must contain sufficient facts to enable the clerk to issue an execution thereon, by an inspection of its entry, without reference to other entries."

The entry in question does not say that plaintiff shall take nothing by its suit or that defendant shall go hence, without day; nor is any language used in substance to that effect. (*People v. Severson,* 113 Ill. App. 498; *Wilkinson v. Olin,* 136 Ill. App. 530.)

In *People v. Severson, supra,* the court said: "The entry in this case recites an election by the plaintiff to stand by the declaration, but such election only authorized the court to enter a final judgment and cannot be held to have the effect or take the place of such judgment. The entry also contains a judgment against the plaintiff for costs, but this does not show that the judgment was a final judgment. In *Lee v. Yanaway,* 52 Ill. App. 23-25, Mr. Justice Boggs said: 'That a judgment is final, is not to be determined inferentially from the mere fact that costs and execution thereof are adjudged against one of the parties. The costs are regulated by statute and follow as an incident to final judgment, but the character of a judgment, whether final or interlocutory, is to be determined from other considerations than that it awarded costs. It must, to be final, terminate and completely dispose of the action.' The judgment entry in the record before us does not dismiss the defendant without day; does not adjudge that the plaintiffs take nothing by their writ or their suit; does not dismiss or put an end to the suit, and must be held to be an interlocutory, and not a final judgment."

In *People v. Jamison,* 157 Ill. App. 553, the court said: "After the demurrer had been overruled as to the first breach assigned in the amended declaration and sustained as to the second and third breach assigned therein, and the plaintiff had dismissed the cause as to the first breach and elected to abide by the second and third breaches, the record proceeds as follows: 'Therefore it is considered by the court that the defendants demurring go hence without day and judgment is hereby rendered in their favor on said demurrer.' This was a judgment for part and not for all of the defendants in the case. There is nothing in the record written by the clerk which shows which defendants demurred and which did not. If all the defendants had demurred then a judgment that the defendants go hence without day would have been valid because that would mean all the defendants, and the title of the case written by the clerk preceding the orders of each day would show who the defendants were. It appears from the order that it is only a part of the defendants who go hence without day. It is necessary that the defendants should be named, for a record must always show in whose favor a judgment is rendered. The name of the parties for whom and against whom the judgment is rendered must be ascertainable from the record of the court written by the clerk."

The court further said: "It is true that by looking at the demurrer on file it can be ascertained who the demurring defendants were, but that is not sufficient. The record which the law authorizes the clerk to write must somewhere show in whose favor the judgment was rendered. The demurrer may be lost from the files, and if that should happen it would require oral proof to determine in whose favor this judgment is rendered, and which of the defendants were not released thereby. It is obvious that the judgment of the

court cannot be permitted to rest upon parol evidence as to the names of the parties in whose favor the judgment is rendered.''

''The rule that a judgment must be specific and definite and if it lacks these elements it is void is variously stated and applied in the following authorities: *Martin v. Barnhardt,* 39 Ill. 9; *Faulk v. Kellums,* 54 Ill. 188; *Meyer v. Village of Teutopolis,* 131 Ill. 552; *Metzger v. Morley,* 184 Ill. 81; *Alton Lime & Cement Co. v. Calvey,* 41 Ill. App. 597; *Fitzsimmons v. Munch,* 74 Ill. App. 259; *Metzger v. Morley,* 83 Ill. App. 113; *Cotes v. Bennett,* 84 Ill. App. 33, and 183 Ill. 82; *Dickinson v. Rahn,* 98 Ill. App. 245; 1 Black on Judgments, sec. 116.''

In the case at bar the order entered without doubt was a sufficient memorandum from which a judgment could have been made up, but it required a reference to the seventeenth special plea to determine whether the facts alleged in the plea were sufficient to bar the entire action or only a portion of appellant's claim, and while there can be no criticism on the use of the term ''bar action'' in lieu of the technical phrases used in the entry of judgment, the order in question does not pretend to bar appellant's suit or action, as a whole, but only as to the seventeenth special plea, and it is therefore a question of very grave doubt whether the judgment is a final judgment.

In view of the situation the purported judgment of the circuit court is held to be not a final judgment and appellant's appeal is dismissed.

*Appeal dismissed.*