GIDEON IVES

*v.*

WILLIAM McHARD.

*Filed at Ottawa May 12, 1882.*

1. APPEAL *from Appellate Court—reviewing the facts.* Where the facts are found by the Appellate Court, in a suit upon a guaranty of a note, this court is precluded from their consideration further than to determine whether the law has been properly applied to them.

2. VARIANCE—*where evidence tends to prove allegations.* Where several things are averred as forming the consideration of a guaranty, if there is evidence tending to prove each one, there is no variance.

3. SAME—*only material averments need be proved.* The plaintiff is only required to prove the material allegations of his declaration. If two consid-

7—103 ILL.

erations for the contract are alleged, one good and the other immaterial, as forming none, the plaintiff will only be required to prove the one which is sufficient.

4. CONSIDERATION—*one good one is sufficient.* Where various considerations are averred and proved, some good and some insufficient, one sufficient one will support the contract.

5. SAME—*extension of time of payment for guaranty.* The extension of the time of payment of an antecedent debt, is a sufficient consideration to support a contract guarantying its payment.

6. PRACTICE IN SUPREME COURT—*party controverting his own proposition.* Where a party asks and obtains instructions that an agreement not to collect more than legal interest on a note forms no sufficient consideration for a guaranty of its payment, he will not, on appeal or error, be allowed to controvert such proposition.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding.

This was an action on a guaranty of the payment of a promissory note.

Messrs. BASSETT & WHARTON, for the appellant:

The allegations and proofs must agree. The consideration of the guaranty was alleged to be an agreement to extend the time of the payment of this and another note. The proof of only one of these considerations was not sufficient. 1 Chitty's Pleadings, 298; 1 Greenleaf on Evidence, secs. 66, 68; *Stone* v. *White,* 8 Gray, 594; *Mastin* v. *Toncray,* 2 Scam. 216; *Indianapolis, Bloomington and Western R. R. Co.* v. *Rhodes,* 76 Ill. 288; *Lloyd* v. *Karnes,* 45 id. 69; *Mosier* v. *Norton,* 83 id. 521; *Toledo, Wabash and Western Ry. Co.* v. *Morgan,* 72 id. 155; *Snell* v. *Deland,* 43 id. 323; *Murray et al.* v. *Haverty et al.* 70 id. 318; *Chicago and Alton R. R. Co.* v. *Mitchell,* 83 id. 429; *Menifee* v. *Higgins,* 57 id. 50; *Lincoln* v. *Stowell,* 62 id. 84.

The common counts will not help the plaintiffs, because an action on a guaranty is always upon a special contract

for a consideration that must be averred.   *Stone* v. *White*, 8 Gray, 593.

Messrs. PEPPER & WILSON, for the appellee:

If one or more considerations which are recited as the ground of a promise be only frivolous and insufficient, and others are good and sufficient, then the consideration may be severed, and those that are void or frivolous disregarded, while those that are valid will sustain the promise.   2 Parsons on Contracts, chap. 1, sec. 11; *Stone* v. *White*, 8 Gray, 859; *Matthews* v. *Mick et al.* 2 Ohio St. 519;) *Thomas* v. *Miles*, 3 id. 274; *Doty* v. *Knox Co. Bank*, 16 id. 133; *Weder* v. *Webb*, 20 id. 431; *Rogers* v. *Kneeland*, 10 Wend. 253; *Rice* v. *Almy*, 32 Conn. 305.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The facts being found by the Appellate Court, we are precluded from their consideration further than to determine whether the law has been properly applied to them.   It is claimed that there was a material variance between the averments in the declaration and the evidence.   It is insisted that there were three things averred as a consideration upon which appellant guaranteed the payment of the note: First, that time of payment was extended on the Dennison note; second, an extension on the Ives and Dennison note; and that only legal interest should be collected on the Ives and Dennison note.   On an examination of the evidence, we are satisfied it tended to prove all three of these averments of the consideration for the guaranty.   We are, therefore, unable to see there was a variance.

It is next urged that the instructions are faulty in failing to instruct the jury that all of these were required to be proved.   The rule is, that if various considerations are averred and proved, some good and some insufficient, one sufficient consideration will support the contract.   The exten-

sion of time for the payment of an antecedent debt is held a sufficient consideration to support a contract. The extension of time on the Dennison note was all that was required, as that was the note the payment of which was guaranteed by appellant, and appellees' instructions announce this rule. But it is insisted that the instructions are faulty because they omit the requirement of proof of the extension of time on the Ives and Dennison note, and that it was agreed that only legal interest should be collected on it.

Appellant, in his instructions which were given, claimed that an agreement to extend the time for paying the Ives and Dennison note was not a sufficient consideration to support the guaranty, and that under the law only legal interest could be collected on that note. An agreement not to collect more than legal interest formed no consideration to support the guaranty by appellant to pay the Dennison note, and if his propositions are true, and he will not be permitted now to controvert them, appellee was not bound to prove illegal or insufficient considerations. According to appellant's theory, the only material consideration averred was the extension of the time for payment of the Dennison note. The jury were, by appellees' instructions, required to find that averment proven. The jury are only required to find that the material averments are proven, and it was not error to so instruct them. We are, therefore, of opinion that there was evidence on which to base the instructions, and that there was no error in giving them.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*