# Edward W. Walker, Henry V. Moore, William H. Plunk, John N. Dighton and William Dighton v. The People, etc., for the use of Piatt County.

1. COUNTY TREASURERS—*Liability on Bond as Collector, for Moneys Received.*—Our revenue act contemplates that county treasurers in counties under township organization shall be *ex officio* county collectors of taxes in their respective counties, and as such collectors they are required to give bond to secure all moneys received by them in that capacity. and they and their sureties are liable upon such bonds for all such moneys collected by them until the same is properly accounted for as provided by the act.

Debt, on a collector's bond. Appeal from the Circuit Court of Piatt County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed June 10, 1901.

REED & EDIE and W. C. JOHNS, attorneys for appellants.

CHARLES F. MANSFIELD, State's Attorney, and HUGH CREA, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

Appellee sued appellants in the Circuit Court of Piatt County upon the official bond of Edward W. Walker, as collector of taxes of said county, he being the principal, and the other appellants the sureties thereon.

A jury was waived and the case tried by the court upon an agreed state of facts and resulted in a finding and judgment in favor of appellee for $658.86 damages.

Appellants prosecute this appeal, and insist the judgment should be reversed, alleging that the finding and judgment are not supported by the facts and that the court erred in its holdings as to the law of the case.

Piatt county is under township organization; and the facts are that Walker, during the time covered by the bond sued upon, received from the earnings of his office as collector of the taxes of that county, the sum of $2,874.30, of which he reported to and was credited by the county board with the sum of $2,390.16; the balance of $484.14 he never reported to either the county board or county clerk, as provided by sections 290 and 291 of our revenue act.

Lake Fork Special Drainage District is located partly in Piatt county, and the commissioners thereof designated the treasurer of that county to be the treasurer of the district. While Walker was the treasurer of Piatt county and *ex officio* collector of taxes thereof, and during the time covered by the bond sued upon, he collected from the land owners of the district, $8,736 in taxes belonging to the district, for which he was paid by it $174.72, which he never reported to the county board or the county clerk of Piatt county, although his term as such county treasurer and *ex officio* county collector had expired before this suit was commenced, and he has received (over and above said items of $484.14 and $174.72) all the compensation and clerk hire due him while he was such county treasurer and collector.

The judgment was rendered for said items of $484.14 and $174.72, and counsel for appellants insist that in order for appellee to recover the amount of either of them, the suit should be upon Walker's bond as county treasurer, because the sureties upon his bond as county collector are not liable for either; but we think that is answered from the fact that Walker has never reported either of said items to the county board or county clerk as required by sections 290 and 291 of the revenue act, and until then he is not properly chargeable therewith as treasurer, and for that reason the sureties upon his treasurer's bond are not liable therefor, but having received this money as collector of taxes, he and the sureties upon his collector's bond are liable therefor. The People for the use of Livingston County v. Hoover et al., 92 Ill. 575; Cooper et al. v. The People for the use of Madison County, 85 Ill. 417; and Kilgore v. People for the use etc., 76 Ill. 548.

Much controversy is indulged in by counsel for both appellants and appellee in their printed arguments filed in this court, concerning the propriety of the Circuit Court having included in its judgment the $174.72 earned by Walker as treasurer of the special drainage district, and we have considered it all with care, but are satisfied that our revenue act, when all of its provisions are considered, contemplates that county treasurers in counties under township organization shall be *ex officio* county collectors of taxes in their respective counties, and as such collectors, shall give bond to secure all moneys received by them in that capacity; and they and the sureties upon such bonds are liable for all such money when collected until the same is properly accounted for, as provided by that act.

And our constitution provides:

"That the county board shall fix the compensation of all county officers. * * * All fees or allowances received by them in excess of their compensation shall be paid into the county treasury."

Walker received the $174.72 for collecting the drainage taxes by virtue of his being treasurer and *ex officio* collector of Piatt county, although he was at the time the treasurer

of the district; he has been paid his full compensation and clerk hire for the time he was treasurer and collector of the county without resorting to any of the money in question, and he should have paid it all into the county treasury. The finding of the court is therefore supported by the facts.

The propositions of law held and refused were properly ruled upon and the law substantially made to apply correctly to the facts of the case, so the judgment will be affirmed.