### The People, ex rel. Everett Oglevee v. James Smith et al.

1. CONTRACT—*when ultra vires county.* A contract by which a county agrees to pay an attorney for services in searching out property which had not been made the subject of taxation is *ultra vires* and void.

2. CONTRACT—*when is wholly void, though in part justified in law.* A contract which provides a single, unapportioned and unapportionable consideration for the performance of several undertakings, one of which is valid and the other of which is invalid, is wholly void.

Bill for injunction, etc. Error to the Circuit Court of McLean county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906. Rehearing denied January 5, 1907.

WILLIAM R. BACH, State's Attorney, for plaintiff in error; SIGMUND LIVINGSTON, of counsel.

WELTY, STERLING & WHITMORE, for defendant in error, George H. Manlove.

MR. JUSTICE BAUME delivered the opinion of the court.

The bill in this case filed by the state's attorney of McLean county, upon the relation of Everett Oglevee, a taxpayer and citizen of said county, alleges that on March 9, 1905, the board of supervisors of McLean county, adopted a certain resolution, in words and figures, as follows:

"Whereas, The Board of Supervisors of McLean county, Illinois, did on the 17th day of June, A. D. 1904, enter into a contract with George H. Manlove, of the Springfield Tax Accounting Company, to furnish evidence in assessing omitted property, liable to taxation;

"And whereas, on the 3rd day of January, A. D. 1905, the Honorable Circuit Court of McLean county, Illinois, found said contract to be illegal and granted an injunction restraining the Board of Supervisors from paying the said George H. Manlove any more. money under said contract for his services, and evidence furnished;

"And whereas, the said George H. Manlove has faithfully and honorably performed the duties as intended by this Board and furnished evidence of great value to the county;

"And whereas, the county and its officers have been threatened with litigation concerning said omitted taxes;

"Mr. Strayer, therefore, moved that, in pursuance of the statutes, as provided in chapter 34, sec. 33, Hurd's Revised Statutes of the State of Illinois, that the sum of $1,346.24, which the said George H. Manlove has been paid by the county, be allowed the said George H. Manlove, as an attorney fee and as part compensation for his services as aforesaid, and that in addition thereto, he shall be paid for said services rendered, evidence furnished as to omitted taxes, services to be rendered as an attorney in prosecuting, defending and assisting and enforcing collection of the taxes as-

sessed by the last Board of Review on omitted property liable to taxation, an attorney's fee equal to 15 per cent. of all taxes and interest collected and paid over to the county collector by the said county after December 9, 1904, on said omitted property, and the said George H. Manlove, attorney, shall hold the said county harmless from all expense on account of attorney's fees in the collection of said taxes and interest, and to give a bond, to be approved by the county clerk, in the sum of $5,000 conditional that the said George H. Manlove, attorney, shall pay all attorney's fees incurred by said county caused by the collection of the said taxes and interest, and save the county of McLean harmless therefrom, and that the county clerk be and he is hereby ordered to draw orders on the county treasurer in favor of George H. Manlove, attorney, and upon certificates being filed by the county collector from time to time with · the county clerk, showing 15 per cent. of all taxes and interest collected after December 9, A. D. 1904, on omitted property assessments, as made by the Board of Review, the same to be paid out of the county's share of said funds.

"It shall be the duty of the said George H. Manlove, as attorney, to assist in collecting said omitted taxes, if necessary, have the same presented to the next Board of Review, bring all suits that may be necessary to collect said omitted taxes, and to defend the county and its officers in all courts, in all suits, brought against the same, on account of said taxes, and in such suits he shall be considered a duly authorized attorney to act for and represent the said county.

"In case of the refusal or inability of the said George H. Manlove, by death or otherwise, to perform the duties herein provided, then, and in that case, unless his heirs, administrators, executors, or assigns, shall perform or cause to be performed said duties, the records and papers prepared by the said George H. Manlove, or the Springfield Tax Accounting Company, concerning said taxes, shall be the property of said county."

The bill further alleges that on March 14, 1905, George H. Manlove, mentioned in said resolution, duly

accepted the terms and conditions thereof and filed the bond thereby required; that on March 18, 1905, the county clerk of McLean county, pursuant to the foregoing resolution, caused to be drawn upon the county treasurer of said county a certain order in favor of said Manlove for the sum of $80.96; that said order was not issued by reason of any services rendered to said county or any of its officers as an attorney at law; that said county clerk threatens to draw further orders from time to time in favor of said Manlove by virtue of said resolution, irrespective of whether there is any litigation over the collection of said omitted taxes or not, and that the county treasurer of said county threatens to honor and pay such orders; that there is now no litigation against said county affecting the collection of omitted taxes in which said Manlove is acting as an attorney; that the said Manlove has never been licensed to practice law in this state; that no antecedent appropriations were made by the said board of supervisors for the payment of said money to said Manlove. The bill prays that the agreement entered into between the board of supervisors and said Manlove be declared null and void, and that the said county treasurer be enjoined from paying any orders drawn upon him out of the county funds in his hands, in favor of said Manlove, or any person in his behalf, under and by virtue of said agreement. On his motion, George H. Manlove, as the real party in interest, was permitted to become a party defendant to the bill. A demurrer to the bill interposed by George H. Manlove was sustained by the court, and plaintiffs in error electing to abide their bill the same was dismissed for want of equity.

It is apparent that the resolution adopted by the board of supervisors embodying the agreement with defendant in error is intended to nullify the force and effect of a former order of the Circuit Court of McLean county restraining the said board from paying Manlove for alleged services in furnishing evidence

to secure the assessment for taxation of omitted property. It is an obvious attempt to do by indirection that which the law will not permit to be done directly. It was held in Stevens v. Henry Co., 218 Ill. 468, that a board of supervisors, in a county under township organization, has no power to enter into a contract with a person to search for and discover property omitted for taxation in former years, and that the execution of such a contract was properly enjoined by a court of equity.

The endeavor to bring the contract within the scope of the duty imposed upon county boards (chapter 34, sec. 33, Hurd's Stat. 1903) "to take and order suitable and proper measures for the prosecuting and defending of all suits to be brought by or against their respective counties, and all suits which it may become necessary to prosecute or defend, to enforce the collection of all taxes charged on the state assessment," by employing Manlove in the capacity of an attorney or counsellor at law, is a mere subterfuge. By the express terms of the resolution, the sum of $1,346.24 which the county had theretofore contrary to law paid to Manlove for services as a "tax ferret," were allowed to him as an attorney. Manifestly this is a mere shifting of phrases, and cannot operate to validate the services rendered, or the payment therefor. Furthermore, the compensation fixed by the resolution of 15 per cent. of all taxes and interest collected and paid over to the county collector, is specifically stated therein to be for services theretofore performed by said Manlove in furnishing evidence in assessing omitted property liable to taxation, and for services thereafter to be rendered by him as an attorney in prosecuting, defending and assisting in enforcing collection of taxes on omitted property liable to taxation.

The bill alleges that no litigation was pending against McLean county affecting the collection of omitted taxes in which said Manlove was acting as

an attorney. The order drawn in favor of said Man-love by virtue of said resolution, for $80.96, was, therefore, in payment for prior services as a "tax fer-ret," and not for services as an attorney in the col-lection of omitted taxes.

It is, however, insisted on behalf of defendant in error, first, that a county has the right to employ an attorney to prosecute and defend suits for de-linquent taxes, although the state's attorney is capable and willing to act, and that the perform-ance of such services by an attorney, or an agree-ment by him to perform such services, furnishes a sufficient consideration to support a payment, or prom-ise of payment therefor; and second, that where a contract shows various considerations, some good and some insufficient, one sufficient consideration will support the contract.

We concede the correctness of the first proposi-tion stated by counsel which is supported by the holding in Ottawa Gaslight Co. v. The People, 138 Ill. 336, but we are not willing to concede, without qualification, the correctness of the second proposi-tion in support of which, counsel cite the case of Ives v. McHard, 103 Ill. 97.

Upon this question, we cannot do better than to quote the language approved in Corcoran v. Lehigh & Franklin Coal Co., 138 Ill. 390, as follows: "When the immediate object of an agreement is un-lawful, the agreement is void; when there are con-tained in the same instrument distinct engagements by which a party binds himself to do certain acts, some of which are legal and some illegal at com-mon law, the performance of those which are legal may be enforced, though the performance of those which are illegal cannot." (3 Am. & Eng. Ency. of Law, 886.) "When you cannot sever the illegal from the legal part of a covenant the contract is altogether void; but when you can sever them,

whether the illegal be created by statute or common law, you may reject the bad part and retain the good." *Ibid,* note 1, and cases cited.

On the subject of entire and severable contracts it is said by Parsons in his work on Contracts (vol. 2, 517): "If the part to be performed by one party consists of several distinct and separate items, and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by law, such a contract will generally be held to be severable. And the same rule holds when the price to be paid is clearly and distinctly apportioned to different parts of what is to be performed, although the latter is in its nature single and entire." Osgood v. Bander, 75 Iowa, 550.

Parsons on Contracts, speaking of illegal consideration (vol. 1, p. 457, 6th ed.) says: "A distinction must be taken between the cases in which the consideration is illegal in part, and those in which the promise founded on the consideration is illegal in part. If any part of a consideration is illegal the whole consideration is void, because public policy will not permit a party to enforce a promise which he has obtained by an illegal act or an illegal promise although he may have connected with this act or promise another which is legal. But if one gives a good and valid consideration, and thereupon another promises to do two things, one legal and the other illegal, he shall be held to do that which is legal, unless the two are so mingled and bound together that they cannot be separated, in which case the whole promise is void."

In the case at bar it is practically conceded by counsel for defendant in error that the contract is illegal so far as it relates to the services performed and to be performed by Manlove in furnishing evidence to secure the assessment for taxation of omitted property.

It will be observed that the compensation provided by the resolution to be paid to Manlove is not apportioned, or apportionable, with reference to the several services to be performed. The contract contemplated by the resolution is an entire, not a severable contract, and, therefore, the whole contract is vitiated by the illegal portion.

The decree is reversed and the cause remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*