## The People, for use of County of Vermilion, Appellee, v. Orin L. McCord et al., Appellants.

1. COUNTIES—*what not voluntary payment.* A claim allowed and paid by a county to its treasurer in contravention of the constitution is not a voluntary payment within the meaning of the law so as to preclude a recovery thereof from the sureties of such treasurer.

2. COUNTIES—*when fees earned by treasurer not individual property.* Commissions received by the treasurer of a county for the collection of a drainage assessment are the property of the county where the compensation of such treasurer has been duly fixed as provided by law.

3. COUNTIES—*what fees cannot be claimed by treasurer.* A treasurer whose compensation has been fixed by resolution cannot afterwards claim as his own a salary subsequently provided for him as the supervisor of assessments.

4. COUNTIES—*when treasurer not entitled to mileage.* Mileage provided by the state law for an official cannot be legally claimed by him unless he makes the journey for which such mileage is provided.

5. COUNTIES—*compensation of treasurer cannot be increased during term of office.* Neither directly nor indirectly can a county increase the compensation of its treasurer during his term of office.

Action of debt. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1907. Affirmed in part and reversed in part and remanded. Opinion filed June 11, 1908.

Buckingham & Troup, for appellants.

J. W. Keeslar and W. J. Gunn, for appellee.

Mr. Presiding Justice Baume delivered the opinion of the court.

This is an action of debt instituted by The People of the State of Illinois for the use of Vermilion county, appellee, against Orin L. McCord and the other appellants herein, sureties on his official bond as treasurer of Vermilion county. The cause was tried and judgment entered upon the issues as made by the pleadings alone.. The declaration contains eleven counts and assigns as many breaches of the bond.

The first four counts aver that McCord retained and refused to pay over certain sums of money amounting to $129.70, being commissions on certain inheritance taxes collected by him, and that he was not entitled to receive commissions thereon. To these counts defendants. pleaded specially that said McCord, as county treasurer, collected certain inheritance tax due to the State of Illinois, and that there was due him, as commission, two per cent. on said collection; that he made a verified report and account to the board of supervisors of said county of all moneys received and disbursed by him, including said sum as commissions; that said board had full knowledge of said claim and charge, and, having such knowledge, thereupon examined and audited said report and account and approved, settled and allowed the same to said McCord; and that said McCord so collected for his own use the various sums named in said counts of the declaration. To these pleas a general demurrer was filed, which, on motion of defendants, was carried back to the said several counts of the declaration. The demurrer to the pleas was sustained and was overruled as carried back to said counts of the declaration, and defendants

electing to stand by their pleas, judgment was entered against them for the amount alleged to be due.

The fifth and eleventh counts of the declaration alleged that McCord collected and converted to his own use, certain sums of money amounting to $425, being two per cent. commission upon the amount of money in his hands as *ex officio* treasurer of the Jamaica Special Drainage District in said county. To these counts of the declaration defendants interposed a general demurrer which was overruled by the court, and defendants electing to stand by their demurrer, judgment was entered against them for the amounts alleged to be due.

The sixth count alleges that McCord for each of the four years he was in office retained the sum of $44.80, making a total of $179.20, for mileage between the city of Springfield and the city of Danville, in making settlement with the state treasurer for state taxes collected in Vermilion county; that said McCord did not go to Springfield, nor did any person go for him, to make said settlement with the state treasurer, but that said settlement was made by correspondence and checks or vouchers sent through the mail. To this count defendant pleaded specially the making of a verified report and account to the board of supervisors and the approval of said report by said board with full knowledge of the facts. To this plea plaintiff filed a general demurrer which on motion of defendants was carried back to the count of the declaration and the court overruled the demurrer to the plea and sustained the same as carried back to the count of the declaration, whereupon plaintiff electing to stand by its demurrer judgment was entered thereon for defendants.

The seventh count of the declaration alleges that McCord retained for himself and for his own use the sum of $415, salary as supervisor of assessments, from July 1, 1903, to November 30, 1903, at the rate of $1,000 per year; that said McCord was not entitled to

any salary or emolument whatever as supervisor of assessments of said county, but that the duty of acting as said supervisor of assessments was part of his duty as treasurer of said county. To this count of the declaration defendants pleaded specially, averring that said McCord performed the duties of supervisor of assessments as alleged and the making by him of a verified report and account to the board of supervisors, and the approval of said report by said board with full knowledge of the facts. To this plea plaintiff demurred generally, and upon motion of defendants the demurrer was carried back to said count of the declaration. The court sustained the demurrer to the plea and overruled it to the said count of the declaration, whereupon, defendants electing to stand by their plea, judgment was entered against them for the amount alleged to be due.

The eighth and ninth counts of the declaration allege that McCord retained for his own use the sum of $1,000 for the year ending November 30, 1905, and the sum of $1,000 for the year ending November 30, 1906, said sums being for salary as supervisor of assessments for the years 1905 and 1906, respectively, at the rate of $1,000 per year; that the said McCord was not entitled to any salary or emolument as such supervisor of assessments, but that the duty of acting as such supervisor of assessments was part of his duties as treasurer of said county. To these counts of the declaration defendants filed their general demurrers which were overruled by the court, and defendants electing to abide their demurrers, judgment was entered against them for the amounts alleged to be due.

The tenth count of the declaration alleges that McCord for the year ending November 30, 1904, kept and retained for his own use the sum of $996.75, which was then and there claimed by said McCord as clerk hire for the year ending November 30, 1904, and which was then and there allowed by said board of supervisors to said McCord for said purpose; that in allow-

ing to McCord the said sum of money the said board of supervisors acted beyond its constitutional powers and without right or authority of law; that the said McCord had been allowed previous to his election and qualification as county treasurer, a certain sum per annum to pay all clerk hire necessary to conduct his said office; that said sum of $996.75 although claimed by McCord as additional clerk hire, and although unlawfully allowed by the said board as such, was in truth and in fact not additional clerk hire, but was compensation to said McCord as supervisor of assessments of said county. To this count of the declaration defendants pleaded specially averring that for the year ending November 30, 1904, McCord performed the duty of supervisor of assessments in and for said county; that said McCord made a verified report and account to the board of supervisors of all moneys received and disbursed by him wherein he claimed as due to him and credited himself with said sum of $996.75, on account of compensation to himself for his services as supervisor of assessments for the year ending November 30, 1904; that said board was fully informed as to said claim and charge and thereupon audited said account and approved, settled and allowed the said sum of money to said McCord; that in making said allowance, however, said board of supervisors itself changed the wording of the claim so that the same appeared on its face as clerk hire for the year ending November 30, 1904, because of the fact that much of the work rendered as supervisor of assessments had in fact been performed by clerks employed by the said McCord. To this plea plaintiff filed a general demurrer, which, upon motion of defendants, was carried back to said count of the declaration. The court overruled the demurrer to the plea and sustained the same as carried back to said count of the declaration, and plaintiff electing to abide its demurrer judgment was entered in favor of defendants on said count. Cross-errors assigned by appellee question the ruling of the

court in sustaining the demurrers carried back to the sixth and tenth counts of the declaration.

Section 10 of article 10 of the constitution of 1870, so far as it is here material provides, as follows: "The county board shall fix the compensation of all county officers with the amount of their necessary clerk hire, stationery, fuel and other expenses, and in all cases where fees are provided for, said compensation shall be paid only out of and shall in no instance exceed the fees actually collected: * * * Provided that the compensation of no officer shall be increased or diminished during his term of office. All fees or allowances by them received in excess of their said compensation shall be paid into the county treasury."

Section 20 of the Act providing for a tax on gifts, legacies and inheritances and the collection of the same, provides that the treasurer of each county shall be allowed to retain two per cent. on all taxes paid and accounted for by him under the Act, in full for his services in collecting and paying the same, in addition to his salary or fees now allowed by law.

It is insisted on behalf of appellants that even if McCord was not entitled to demand or receive the amounts involved in the first four counts of the declaration, as fees for collecting inheritance taxes, yet, he having presented claims therefor to the board of supervisors and the same having been allowed by the board with full knowledge of the facts and without fraud or mistake, it constituted a voluntary payment of money under a mistake of law and under a claim of right and cannot be recovered back.

The provision of the constitution that the compensation of no officer shall be increased or diminished during his term of office is as effective as a limitation against the right of a county board to allow and a public officer to receive an increased compensation during his term of office, as it is against the authority of the legislature to increase such compensa-

tion by statutory enactment. In Parker v. Richland County, 214 Ill. 165, it was held that a county board could not by resolution, adopted after the election of a county treasurer, allow him additional compensation for his services. What may not be done in this respect by legislative enactment or by resolution of a county board, certainly cannot be accomplished by the act of a county board in approving the report and account of an official who assumes to credit himself with illegal fees which he retains.

In Cumberland County v. Edwards, 76 Ill. 544, it was held that a county was not estopped by the action of the county board in passing upon and approving a collector's account, containing charges for illegal fees, and that the county board was powerless to allow as fees or commissions more than the sum fixed by law, and such allowance binds no one. This case was cited with approval in The People v. Parker, 231 Ill. 478.

Upon this question we approve what was said by this court in McLean v. County of Montgomery, 32 Ill. App. 131, as follows: "When a county board attempts to make an allowance not authorized by law, it is acting without jurisdiction, entirely beyond its power, and its acts are utterly void and do not bind the county. The board is the agent of the county, and when allowing a claim against it over which it has jurisdiction, and the amount to be paid is discretionary, the conclusion reached would no doubt be binding upon the county; but when the board seeks to appropriate funds in the treasury in direct contravention of the statute it exceeds its powers, and in no sense does it estop the county from ignoring and repudiating such action." The doctrine that a payment voluntarily made cannot be recovered back has no application here. In Allegheny County v. Grier, 179 Pa. 639, it was held that the maxim *volenti non fit injuria* had no application to the illegal payment of public funds to public officers. Counsel for appellants

rely upon the case of The People v. Foster, 133 Ill. 496, as sustaining their contention. That was a suit against the sureties upon the official bond of a sheriff after the expiration of his term of office, to recover certain sums of money allowed to him by the county board for expenses in his quarterly report and account. It was there said in part: ''Where the county board, acting within the general scope of its authority, and with knowledge of the facts, settles with the officer, who is guilty of no fraud, concealment or misrepresentation of fact inducing the action of the county board, and pays from the county treasury the amount found due to him upon auditing and examining the officer's reports, it is to be treated as a voluntary payment of money, and will fall within the principle announced, and no action will lie against the sureties upon the officer's bond to recover the same back.'' It is to be observed that the court expressly limits the application of the principle invoked to those cases in which the county board acts within the general scope of its authority. That the court recognized this distinction in the application of the rule is evident from what is further said in the opinion, as follows: ''For aught that appears from any averment of this pleading, the board may have been fully justified in allowing and paying those several sums to the sheriff. But whether that be so or not, it is clear that these allowances to Foster were within the general scope of authority conferred by law upon the county board.'' And further it was there said: ''The county board is expressly prohibited from increasing the compensation of the officer in any way during his term, and if they should do so, the act will be unauthorized and absolutely void. Here, however, that was not attempted to be done. Whatever they paid him was as part of his compensation previously fixed, as provided by law, and for expenses of his office allowed by the board.'' See also Moffett v. The People, 134 Ill. App. 550.

The court did not err in sustaining the demurrer to the pleas to the first four counts of the declaration and in entering judgment thereon against appellants.

The fifth and eleventh counts of the declaration relate to commissions received and retained by McCord upon taxes collected by him as treasurer of the Jamaica Special Drainage District, for which judgment was rendered against appellants. The Drainage Act (Hurd's Stat. 1905, 823, par. 146) provides, that the county treasurer of the county in which the proceedings or the organization of a special drainage district are commenced and district organized, shall be the collector and treasurer of such district. And the same Act in paragraph 148 provides, that the treasurer of such special drainage district shall receive for his services such sum as may be fixed by the commissioners, not to exceed two per cent. of moneys collected by him, and that all fees and allowances shall be paid out of the funds of the district. McCord was treasurer of the Special Drainage District by virtue of his office as county treasurer and the commissions received by him upon moneys collected for taxes for drainage purposes accrued to him by virtue of his office as county treasurer and as compensation in part for his services as such officer. It was his duty to report the amount of such commissions received by him, to the county board as money belonging to the county, and as against which he was entitled to credit his salary as theretofore fixed by the board. Walker v. The People, 95 Ill. App. 637. When the commissions upon the taxes for drainage purposes accrued they no longer belonged to the drainage district but became the property of Vermilion county as fees earned by one of its officers.

Counsel for appellants make no argument in support of their assignments of error upon the action of the court in entering judgment against appellants upon the eighth and ninth counts of the declaration which involve the receipt and retention by McCord of $2,000

for salary as supervisor of assessments for 1905 and 1906, and said assignments of error must, therefore, be regarded as having been waived.

The seventh count of the declaration relates to the receipt and retention by McCord of $415 as salary as supervisor of assessments from July 1, 1903, to November 30, 1903, at the rate of $1,000 per year, and stands upon no different footing than the claim of $2,000 for salary as supervisor of assessments for 1905 and 1906, above referred to, except that as to said seventh count of the declaration appellants pleaded an auditing and settlement by the county board of· McCord's report and account thereof. This plea we have shown was ineffectual as a bar to the action. It was held in Foote v. Lake County, 206 Ill. 185, that the section of the statute providing that in certain counties the county treasurer shall be *ex officio* supervisor of assessments, did not create a new office, but added new duties to the office of county treasurer, and that the compensation of a county treasurer as fixed by the county board, according to law, included payment for ·his services as *ex officio* supervisor of assessments. If McCord was not lawfully entitled to any additional compensation for his services as supervisor of assessments for the years 1905 and 1906, the fact that the county board audited and allowed his claim for salary as such supervisor of assessments for the fractional part of a year within his term of office did not determine his right to such salary.

The sixth count of the declaration relates to the receipt and retention by McCord of $44.80 per year, for each of the four years of his term of office, for mileage between the city of Springfield and the city of Danville in making settlement with the state treasurer of the state taxes collected in Vermilion county. Section 21 of chapter 53, entitled "Fees and Salaries," provides in part, that county collectors shall be allowed in settlement of state taxes with the auditor ten cents per mile for each mile of necessary travel in going to and

returning from the seat of government, for the pur-
pose of paying over such tax. The declaration alleges
that McCord did not personally go to Springfield, nor
did any person go for him, to make settlement with the
state treasurer, but that such settlement was made by
correspondence and checks or vouchers sent through
the mail, and these allegations are admitted by the
plea, which merely avers the auditing and settlement
by the county board of McCord's claim therefor. The
provision of the statute authorizing the payment to
county collectors of the mileage in question was mani-
festly intended to cover the actual expense involved
in going to and returning from the seat of govern-
ment. If neither the county collector nor anyone for
him, goes in person, no mileage accrues within the
meaning of the statute, and no authority exists for its
payment, but if mileage is paid and received by the
county collector under such circumstances it does not
necessarily follow that it belongs to the county. The
money was paid out of funds which belonged to the
state, not to the county, and if improperly paid, the
state alone can recover it back. The court did not
err in entering judgment in favor of appellants upon
the sixth count of the declaration.

The tenth count of the declaration relates to the
claim by and allowance to McCord, of the sum of
$996.75 for additional clerk hire for the year ending
November 30, 1904. This count of the declaration al-
leges that McCord had been allowed previous to his
election and qualification as county treasurer a certain
sum per annum to pay all clerk hire necessary to con-
duct his said office, and that said sum of money was
not received by McCord as additional clerk hire but
was in fact received by him as compensation for his
services as supervisor of assessments. The plea to
this count of the declaration does not deny the allega-
tion of the declaration in that regard, but avers that
McCord claimed said sum of money as compensation
for services as supervisor of assessments and that the

county board changed the wording of the claim so that the same appeared upon its face as for additional clerk hire, and that the claim was allowed in fact, as compensation to McCord for his services as supervisor of assessments and not as additional clerk hire. It is too clear to require argument that the county board could not do indirectly what it was not lawfully authorized to do directly. No shift or device should be permitted to prevail to accomplish an unlawful end. The People v. Smith, 130 Ill. App. 407. We think the court erred in refusing to enter judgment against appellants upon the tenth count of the declaration.

The judgment of the Circuit Court against appellants upon the first, second, third, fourth, fifth, seventh, eight, ninth and eleventh counts of the declaration and in favor of appellants upon the sixth count of the declaration will be affirmed, and the judgment of said court in favor of appellants upon the tenth count of the declaration, will, upon the cross-errors here assigned, be reversed, and the cause will be remanded for further proceedings not inconsistent with this opinion.

*Affirmed in part and reversed in part and remanded.*