## The People of the State of Illinois, for use of County of DeWitt, Appellee, v. Joseph T. Maddox, Appellant.

1. EVIDENCE—*when testimony incompetent after use of memorandum.* If a witness' memory is not refreshed by the use of a memorandum so that he then has a present recollection and if a witness has no recollection independent of the memorandum, it is improper over objection to permit him to testify with reference to the contents of such memorandum.

2. BONDS—*when lack of identity in sureties does not preclude joinder of several bonds in single action.* Suit may be brought upon several separate and distinct bonds in the same action notwithstanding the sureties thereon are not identical if the suit is instituted against the principal in all such bonds alone.

3. DRAINAGE—*liability of treasurer for failure to account.* Where a county treasurer is *ex officio* treasurer of a drainage district his liability to account is to the county and upon his collector's bond or bonds. If, however, the moneys in question are received by him as treasurer by appointment his liability is to the district rather than to the county.

4. FEES AND SALARIES—*section 51 construed.* The duty imposed upon a county treasurer by section 51 of the Fees and Salaries Act to make semi-annual reports of all the fees and emoluments of his office of every name and character is not dependent upon the adoption by the county board of a resolution fixing the compensation of such treasurer but his duty to make such reports is imperative notwithstanding a failure to fix his compensation.

Action in debt. Appeal from the Circuit Court of De Witt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the

May term, 1910. Reversed and remanded. Opinion filed May 26, 1911. Rehearing denied June 20, 1911.

JOHN FULLER and HERRICK & HERRICK, for appellant.

LEMON & LEMON and EDWARD J. SWEENEY, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action in debt against appellant upon his official bonds as county treasurer and *ex officio* county collector of the county of DeWitt, to recover the sum of $1776.54, alleged to have been received and retained by him as commissions upon taxes and assessments levied by the commissioners of "The Friends Creek Special Drainage District in the counties of DeWitt and Piatt and State of Illinois," and the commissioners of the "Clintonia Special Drainage District in the towns of Barnett, Clintonia and Wapella, county of DeWitt, State of Illinois," and collected by him. The trial was had upon the four additional counts of the declaration and the amendments thereto which assigned breaches upon four several bonds for the sum of $200,000 each, of appellant as county collector of the taxes for the years 1902, 1903, 1904 and 1905, and which alleged the collection by appellant of $88,827.59 for drainage taxes and assessments levied by commissioners of the special drainage districts heretofore named, and that appellant had received and retained for his own use as and for his fees and commissions $1776.54, being two per cent of the amount so collected by him, and had neglected and refused to pay over said amount so collected to the county treasurer of said county, or to his successor in office, and had failed and refused to account for the same to said county. To these several counts of the declaration appellant filed several pleas of which, upon demurrers interposed, the only plea remaining in the record was the plea of *non damnificatus*. At the close of all the evidence the court refused to give a peremptory instruction requested by appellant, but instructed the jury at the instance of appellee to find the issues for the plaintiff and to assess plaintiff's damages at the sum of $800,000 in debt, and in the sum of

$1998.60 damages. Upon such verdict so returned by the jury the court entered judgment against appellant and this appeal followed.

The proceedings for the organization of the two special drainage districts mentioned in the declaration were commenced and said districts were organized in DeWitt county. Under and by virtue of the provisions of section 71 of the statute relating to Special Drainage Districts appellant as county treasurer of DeWitt county became *ex officio* collector and treasurer of the Clintonia Special Drainage District in the towns of Barnett, Clintonia and Wapella, and in pursuance of the provisions of the same section the commissioners of the Friends Creek Special Drainage District in the counties of DeWitt and Piatt appointed appellant as collector and treasurer of said district. Appellant assumed the duties of the office of county treasurer and *ex officio* county collector of DeWitt county in December, 1902, and continued in the performance of such duties until December, 1906. Prior to the election of appellant as county treasurer of DeWitt county in 1902, the last action of the county board of said county fixing the salary of the county treasurer was had at its meeting September, 1898, when a resolution was adopted fixing the salary of the county treasurer for the next four years, and as then fixed at $1500 per year, and fixing the salary of the deputy county treasurer at $400 per year. The reports filed by appellant with the county board for the years 1903, 1904 and 1905 show that appellant credited himself with the sum of $1500 a year as his salary and with the payment to the deputy county treasurer of $400 as and for his salary, but in neither of said reports does it appear that appellant charged himself with commissions or fees upon any taxes and assessments collected for drainage purposes. Appellant's report for the year ending November 30, 1906, could not be found after diligent search therefor and does not appear in the record.

It is urged that there is no competent evidence that appellant collected taxes and assessments as treasurer and collector of said drainage districts, or that he received and retained

any money as commissions or fees for collecting such taxes and assessments, and further, that it does not appear but that appellant accounted to the county board for commissions and fees alleged to have been received and retained by him for the collection of such taxes and assessments.

Aside from the reports of appellant to the county board above referred to, the testimony of the witness William Price, who acted as deputy county treasurer and as clerk for appellant during his term of office, is relied upon to establish the collection by appellant of such drainage taxes and assessments, the receipt and retention by him as and for his commissions and fees of two per cent upon the amount collected, and his failure to account for the same to the county board. The testimony of Price discloses that appellant kept no public record as county treasurer and county collector of the amount of taxes and assessments collected by him for the drainage districts mentioned in the declaration, or of the amount of commissions and fees received and retained by him therefor, being two per cent of the taxes and assessments so collected, but that the same appeared in certain reports made by appellant to the commissioners of said drainage districts, which reports were in existence. The reports referred to by the witness were not offered in evidence upon the trial, and the absence of such reports was not accounted for. The same witness further testified that he had no independent recollection whatever of the several amounts collected by appellant for drainage taxes and assessments or of the amount of commissions and fees received and retained by appellant therefor; that he had made a memorandum of the said amounts as the same appeared upon said reports, which memorandum was true and correct, but that such memorandum did not serve to refresh his recollection as to the several amounts in controversy and that he relied wholly upon said memorandum for a statement of the said amounts. The record does not disclose when the several reports referred to by the witness were made by appellant, or when said memorandum was made, or the circumstances under which the same was made. Over the objection of appellant the witness was

permitted to state the several amounts in controversy by reference to the memorandum alone. The evidence was incompetent and should have been excluded. In Diamond Glue Co. v. Wietzychowski, 227 Ill. 338, it was held that a writing could properly be used for the purpose of refreshing the memory of a witness if he was able after inspecting the writing to testify to the facts from present recollection; that another condition under which a writing may be used is where the witness after inspecting a writing, still has no independent recollection of the facts stated therein, but is able to state that he correctly reduced them to writing at the time of the occurrence, or within such a time afterwards that he had a perfect recollection of them.

The contention of appellant that suit upon the several bonds could not properly be brought in the same action because the same persons were not sureties upon all the bonds is not tenable. This is not an action against the sureties on the bonds but against the principal alone, and if appellee is content with a personal judgment against appellant the latter cannot complain. Obviously under such circumstances the rule announced by appellant that a judgment against a principal upon his bond is conclusive upon his sureties would be inapplicable.

Section 15 b (Rev. Stat. 1909, 888) which provides for the appointment by the drainage commissioners of a treasurer who shall receive all funds of the drainage district relates to drainage districts lying wholly within one township, and has no reference to the appointment of a treasurer by the commissioners of special drainage districts organized under other provisions of the Drainage Act, and of which such special drainage district under the provisions of section 71 (Rev. Stat. 1909, 908) the county treasurer of the county in which the proceedings for the organization of such district are commenced and such district is organized, is made *ex officio* treasurer, and where such district lies in two or more counties the county treasurer of either county becomes *ex officio* treasurer of such district by appointment of the commissioners. Appellant assumed the duties of the office of

county treasurer and *ex officio* county collector of the county of DeWitt *cum onere,* and any commissions and fees properly received by him for the collection of taxes and assessments as *ex officio* collector and treasurer of the special drainage districts mentioned in the declaration became the property of DeWitt county for which he was bound to account to the county board. Walker v. The People, 95 Ill. App. 637; The People v. McCord, 143 Ill. App. 28. For the failure of appellant to account to the county board for any such commissions and fees so received by him he was liable upon his collector's bond or bonds. Walker v. The People, *supra.*

Section 73 of the Drainage Act (Rev. Stat. 1909, 909) limits the amount to be received by the treasurer of a special drainage district from any one district to $500 in any one year. If it should appear that appellant had received for his service in any one year as treasurer of either of the districts here involved a sum in excess of $500 such excess would have been paid to and received by appellant without authority of law and he would not be liable in an action on his bond to account for such excess to the county but his liability therefor would be to the drainage districts. People v. McCord, *supra.*

It is finally urged that because the board of supervisors, so far as the record discloses, failed to fix the compensation of appellant as county treasurer and *ex officio* county collector, the county cannot be heard to say that appellant has improperly retained the fees collected through the medium of his office; that before the county is entitled to such fees it must show that it fixed the salary of appellant, the payment of such salary out of the earnings of his office, and that the amount claimed is due to the county after appellant had been fully paid the amount of his compensation. The duty imposed upon appellant by section 51 of the Act relating to Fees and Salaries to make semi-annual reports of all the fees and emoluments of his office of every name and character, was not dependent upon the adoption by the county board of a resolution fixing appellant's compensation, but his duty to make such reports was imperative notwithstanding a failure

to fix his compensation. In any view of the case no advantage can accrue to appellant by reason of the failure of the county board to fix his compensation in the manner prescribed by statute. In Purcell v. Parks, 82 Ill. 346, it was held that where the county board fails to fix the compensation of the county clerk he is not entitled to appropriate any of the fees of his office to his own use until the amount of his compensation is fixed; that until fixed by the county board he has no compensation to be either increased or diminished. This case is cited with approval in People v. Fuller, 238 Ill. 116.

Because the amount of any taxes and assessments collected by appellant for the drainage districts mentioned in the declaration, and the amount of any commissions or fees received and retained by appellant therefor is not shown by any competent evidence in the record, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*