## Willis P. Dickinson v. Fred Rahn.

1. JUDGMENTS—*To be for a Definite Amount.*—A judgment must be for a definite amount, and that amount is to be ascertainable from the judgment alone.

2. SAME—*What is Not a Judgment for a Definite Amount—Illustration.*—A judgment entered in the following language, viz.. "It is therefore ordered that judgment be entered on the verdict as for wages due said plaintiff, and that said plaintiff have and recover of and from said defendant the sum of three hundred and sixteen dollars and sixty-six cents, less the amount heretofore remitted by the court, and that execution issue therefor," is not a judgment for a definite amount.

3. SAME—*Requisites, When Upon a Money Demand and Final.*—Where a judgment purports to be final and given upon a money demand, the amount of the recovery must be stated in it with certainty and precision.

4. REMITTITUR—*Can Not be Entered over the Plaintiff's Objection.*—A trial court is powerless to remit upon its own motion a part of the verdict returned by the jury and enter without the consent of the plaintiff a judgment for a less sum than that found by such verdict.

5. EXEMPTIONS—*Wages of a Laborer or Servant—Skilled Labor Not Included.*—A judgment for skilled labor does not fall within the provisions of the statute providing that no personal property shall be exempted from the levy of an execution when the debt or judgment is for the wages of a laborer or servant. What is meant by the term laborer, under the statute, is one who performs manual labor, not requir-

ing special knowledge or skill, and a servant is understood to be one who is employed to perform an inferior or menial service, and it is only for the benefit of such persons that the statute was enacted.

6. STATUTES—*Of Exemptions, When to be Strictly Construed.*—The statute providing that no personal property shall be exempt from the levy of an attachment or execution when the debt or judgment is for the wages of a laborer or servant is to be strictly construed, and one who seeks to avail himself of its benefits must bring himself within its provisions.

Assumpsit, for wages. Appeal from the County Court of Lake County; the Hon. WILLIAM C. DE WOLF, JR., Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed November 15, 1901.

W. O. ROBINSON, attorney for appellant.

BENJAMIN H. MILLER, attorney for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

Appellee brought suit against appellant in the County Court of Lake County to recover compensation for the services of his minor sons who had worked for appellant. The trial resulted in a verdict for appellee for $316.66. Appellant entered a motion for a new trial, whereupon the court of its own motion and over the objection of appellee entered a remittitur for a substantial reduction of the verdict, to which action of the court appellee saved an exception.

Upon the court overruling the motion for a new trial the following order was made: It is therefore ordered that judgment be entered on the verdict as for wages due said plaintiff and that said plaintiff have and recover of and from the defendant the sum of $316.66, less the amount heretofore remitted by the court, and that execution issue therefor.

This is not a judgment for a definite sum of money. From the judgment itself the clerk could not determine for what amount to issue an execution; nor could the sheriff know from the execution, if it followed the judgment, as it should, for what amount to make demand or levy. A judgment must be for a definite amount, and that amount be ascertainable from the judgment alone.

If a judgment purports to be final and is given upon a money demand, the amount of the recovery must be stated in it with certainty and precision. Fitzsimmons v. Munch, 74 Ill. App. 259.

It was error for the court of its motion and over plaintiff's objection to remit any amount from the verdict. The court could have directed that unless the plaintiff remitted a certain sum it would grant a new trial. If the plaintiff then elected to remit and did remit a sum certain, the court could then enter a judgment for the remainder of the verdict, specifying the amount. If the plaintiff refused to remit, the court could grant a new trial. But the court could not render a judgment for a less sum than the verdict without the plaintiff's consent. (McCausland v. Wonderley, 56 Ill. 410; Albin v. Kinney, 96 Ill. 214.) This question arises upon assignment of cross-error by the appellee.

It is contended by appellant that the court erred in making the judgment one for wages. Were the judgment otherwise valid the effect of making it for wages of a laborer or servant would be to deprive the appellant of his statutory exemption upon execution. The statute provides that no personal property shall be exempted from levy of attachment or execution when the debt or judgment is for the wages of any laborer or servant. Provided, the court rendering judgment shall find that the demand so sued for is for wages due such person as laborer or servant; which finding shall be expressed in the record of said judgment and indorsed upon the execution when issued.

Assuming, as both parties do in their arguments, that the judgment is in proper form and contains all the recitals necessary to bring it within the operation of the statute so as to deprive the appellant of his exemptions, it was error to render judgment under the statute for wages of laborer or servant upon the facts in the record of this case. The finding was unauthorized by the evidence.

Skilled labor does not fall within the provisions of the statute. A traveling salesman or bookkeeper can not

obtain judgment under the statute for his wages. What is meant by laborer, under the statute, is one who performs manual labor, not requiring special knowledge or skill, and a servant is understood to be one who is employed to perform an inferior and menial service. It was only for the benefit of such persons that the statute was enacted. But it is to be strictly construed. (Epps v. Epps, 17 Ill. App. 196.) One who seeks to avail himself of the benefits of the statute must bring himself within its provisions.

We have examined the entire record and it fails to show the nature of the services rendered for appellant by the sons of appellee. We are therefore of the opinion that upon this record the court should not have made the finding or rendered judgment in favor of appellee under the statute. It is also claimed by appellant that he gave appellee certain checks containing statements upon their face that they were to be applied on account of the services of the boys, but that the appellee misapplied the same by crediting them upon some other account. Inasmuch as the parties have not taken the pains to incorporate the checks in the bill of exceptions we can not construe them. Reversed and remanded.