**Mid-West Collection Bureau, Appellant, v. A. G. Dietrich (Yellow Cab Company, Garnishee), Appellee.**

### Gen. No. 26,184.

1. GARNISHMENT—*when discharge of garnishee on ground of debtor's exemption improper.* Where it appeared that a judgment debtor was a bookkeeper and that the sum of $35 was due to him for services at the time an answer in garnishment proceedings was made, a discharge of the garnishee on the ground that the debtor was entitled to exemption as a wage earner was erroneous.

2. GARNISHMENT—*when bookkeeper's salary not exempt as wages.* Money paid for the services of a bookkeeper is not wages within the meaning of section 14 of the Garnishment Act (Cahill's Ill. St. ch. 62, ¶ 14.)

Appeal from the Municipal Court of Chicago; the Hon. W. N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Reversed and judgment here for $35. Opinion filed October 4, 1921.

CLARENCE A. SAMUEL, for appellant.

No appearance for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This appeal is from an order discharging a garnishee upon the ground set up in the latter's answer that the judgment debtor is entitled to legal exemptions as a wage earner. Whether the judgment debtor was a wage earner under the Garnishment Act was the only question at issue. He was employed by the garnishee as a bookkeeper, performing no physical or manual labor except to carry to and from the office vault the particular books he worked upon as bookkeeper. The sum of $35 was due from the garnishee for his services at the time of its answer.

On these undisputed facts appellant requested the court to hold as a proposition of law that the amount so due was not due as wages for services as a wage earner within the meaning of section 14 of the Garnishment Act (Cahill's Ill. St. ch. 62, ¶ 14). The court refused so to hold and discharged the garnishee. This was error, not only because $15 was all that was claimed as exemptions but because the court evidently disregarded the law correctly set forth in said proposition.

Section 14 of the Garnishment Act reads:

"The wages for services of a wage earner who is the head of a family and residing with the same to the amount of $15 per week shall be exempt from garnishment."

Defining the word "wages" as employed in another act, the court in *Massie v. Cessna,* 239 Ill. 352, said:

" 'Wages' is usually restricted to sums paid as hire or reward to domestic or menial servants and to sums paid to artisans, mechanics, laborers and others employed in various manual occupations, while 'salary' has reference to the compensation of clerks, bookkeepers and other employees of a like class, officers of corporations and public officers."

In defining the term "wages" as used in other statutes, a similar distinction has been observed in other cases with reference to compensation of a bookkeeper. (*In re Stryker,* 158 N. Y. 526; *Epps v. Epps,* 17 Ill.

App. 196; *Dickinson v. Rahn,* 98 Ill. App. 245.)

The judgment will be reversed and a judgment entered here on undisputed facts for the amount of $35, the sum admitted to be due from the garnishee, with costs here and below.

*Reversed and judgment here for $35.*

GRIDLEY, P. J., and MORRILL, J., concur.