Philip T. Lambert, Appellant, v. City Trust and Savings Bank of Kankakee, Illinois, Appellee.

Gen. No. 7,942.

Opinion filed March 30, 1929.

E. A. MARCOTTE and JOHN H. BECKERS, for appellant.

A. L. GRANGER and C. M. GRANGER, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

This is an action instituted by Philip T. Lambert, appellant, in the circuit court of Kankakee county, against City Trust and Savings Bank of Kankakee, Illinois, appellee, for a breach of covenant.

The declaration avers that on April 14, 1916, Theophile Dorion, being the owner of certain described premises (the description being set forth in the lease), leased the same to Alfred E. Marcotte and Philip T. Lambert, said lease to run from the 1st day of May, 1917, to the 29th day of April, 1927, at a rental for the ten years of $15,600, the first five years to be at $125 per month, and the second five years of the term at $135 per month; that to said lease was added an addendum in the words and figures as follows: "Addenda, made and forming part of this lease, which lease

is dated April 14, 1916, and made between Theophile Dorion, party of the first part, and Alfred E. Marcotte and Philip T. Lambert, parties of the second part.

"It is hereby understood and agreed between lessor and lessees, that if any alterations, repairs or changes, to herein described building are wanted by lessees, lessor shall, within sixty days from date of request begin same, and complete within a reasonable time, as wanted by lessees, and said lessees shall therefor reimburse lessor by paying a reasonable yearly interest, same not to exceed six per cent on the cost of same, and to be adjusted by increasing monthly rental correspondingly from date of completion of same to end of term of this lease." Which said addendum was signed and sealed by said parties.

It is further averred that on January 23, 1922, Alfred E. Marcotte assigned his interest in said lease to Philip T. Lambert, appellant, and on the same day Frances A. Dorion, as executrix of the will of said Theophile Dorion, who had prior thereto become deceased, consented in writing to the assignment; that on the death of Theophile Dorion, the lessor, appellee, said City Trust and Savings Bank, became the owner of said premises, for the purpose of collecting the rents and for the sale thereof; that on May 16, 1923, appellant prepared plans for certain alterations to said building, which provided for (1) extensive excavations and alterations in the basement; (2) the putting in of a new front to the building; (3) moving the stairway on the main floor; (4) installation of steam heating plant, to heat basement as well as remainder of the building; (5) the tearing down of partitions on second floor and repairing plaster. Appellee having failed to make said alterations, this suit was brought by appellant to recover damages therefor, basing his action on alleged breach of covenant to make repairs.

To the declaration a demurrer was filed, which was by the court sustained. Appellant elected to abide by

his declaration, and judgment was rendered on the demurrer. To reverse said judgment this appeal is prosecuted. A number of reasons are assigned and argued for reversal of the judgment.

It is first insisted by appellee that the declaration was defective because not verified as required by section 18 of the Practice Act, Cahill's St. ch. 110, ¶ 18. Section 18 of the Practice Act of 1907 specifically requires the assignee of any chose in action, not negotiable, to allege his ownership thereof by pleading under oath. It is the contention of the appellant that section 15 of chapter 80, Revised Statutes, Cahill's St. ch. 80, ¶ 15, applies, giving assignee the same remedy as lessee, wherefore no oath is required.

We are of the opinion that under said section 15 of the Landlord and Tenant Statute, Cahill's St. ch. 80, ¶ 15, the covenant to make repairs, if otherwise sufficient, was a covenant running with the land and that it was not necessary for the declaration to be verified.

Furthermore, even though it should be held that the Practice Act, requiring a verification, was applicable to the declaration, a demurrer would not raise the question, for it must be raised by a motion to strike for want of verification; the verification is no part of the declaration, and the demurrer simply went to the declaration.

It is next insisted by the appellee that the addendum did not constitute, in law, a covenant; it is said by appellee that the addendum, though referring to the lease, shows on its face that it was a separate document and separately executed. The addendum refers to the lease; it says "addenda, made and forming part of this lease." There was but one lease and that was the lease to which the addendum was attached. It bears the same date as the lease, namely April 14, 1916.

In discussing a somewhat kindred question in *Crandall v. Sorg,* 198 Ill. 48, the court at page 58, among

other things, said: ''The contract and lease were executed as part of the same transaction,. related to the same subject matter, and, though written at different times, are to be construed together as though they constituted but one writing. This proposition is elementary, and has been too frequently declared by this court to make necessary the citation of authorities.''

We are of the opinion that the addendum and lease, when construed together, constitute a covenant running with the land. It is also urged that the alleged covenant was personal and not binding on appellee, and that the declaration does not show such performance by the appellee as the covenant called for. The answer to this contention is that this was a covenant running with the land.

Appellee next urges that there was no consideration for the addendum. The addendum, as well as the lease, is under seal; they did therefore import a consideration. *Adams v. Peabody Coal Co.*, 230 Ill. 469–473.

Furthermore, the addenda provides for the payment of additional rent, at the rate not to exceed 6 per cent on the cost of the contemplated repairs or improvement, which is a sufficient consideration.

It is next contended by appellee that the covenant did not run with the land for the alleged reason that the subject matter was not *in esse*. This contention is without merit for the reason that the subject matter would be the building and premises, covered by the lease. Appellee raises the question that the alleged covenant is void for uncertainty.

This raises the real question in the case. If the covenant is sufficiently certain and clear in its terms, then the declaration states a cause of action; if it is not, it does not state a cause of action. The contention of appellee, in relation to the question of the covenant being uncertain, finds support in the case of *Joliet Bottling Co. v. Joliet Citizens' Brewing Co.*, 254 Ill. 215. In

said case the question before the court arose upon an executory contract, by which the bottling company agreed to bottle the beer of said brewing company and to pay the price so long as said brewing company should continue to furnish said bottling company beer of satisfactory quality in such quantities as the trade should demand, and to market the same as the product of said brewing company. In a suit on the contract, by the Joliet Bottling Company against the Joliet Citizens' Brewing Company, at page 218, the court among other things said: "The question presented for decision is whether the contract between appellant and appellee was valid and binding and capable of being enforced. Appellee's contention is that it is void for want of mutuality; that the period of its duration is not fixed but is indefinite, and it was therefore terminable at the will of either of the parties. An examination of the contract satisfies us that these positions are well taken. By the contract appellee agreed to deliver beer to the appellant in sufficient quantities to supply appellant's demand, and not to bottle or cause to be bottled, or to furnish to any other person, firm or corporation, beer for bottling so long as appellant was bottling appellee's beer. Appellee further agreed to furnish appellant, during the first three months of its operation, such advertising novelties, not to exceed the value of $500, as the trade might demand or warrant, and thereafter, if the trade warranted, to furnish other advertising novelties as might be agreed upon.

"The only thing the contract bound appellant to do was to pay the price agreed upon and bottle the beer of appellee and to market the same as the product of appellee so long as it furnished beer satisfactory in quality and in such quantities as the trade demanded. No mention is made of any period of time the agreement should continue in force. No maximum or minimum quantity is stipulated in the agreement, but the

quantity to be delivered is such as shall be sufficient to supply appellant's demand. Under this provision appellant might demand a quantity so small as to make it impracticable for appellee to manufacture it, or it might demand such large quantities as to be wholly beyond the capacity of appellee. The quality of the beer was to be satisfactory to appellant. Under this provision of the agreement, appellant had the option of refusing to accept beer from appellee, at its pleasure, upon the ground that it was not satisfactory. . . . It cannot be doubted, we think, that the contract was unilateral and void for want of mutuality under repeated decisions of this and other courts. (*Vogel v. Pekoc,* 157 Ill. 339; *Higbie v. Rust,* 211 Ill. 333.) . . .

"Furthermore, no time being fixed during which the agreement should continue in force, it was terminable at the will of either party. *Davis v. Fidelity Ins. Co.,* 208 Ill. 375; *Orr v. Ward,* 73 Ill. 318."

It is urged by appellee that said alleged contract is unilateral for the reason that it provides that if any alterations, repairs or changes to the building are wanted by lessees, lessor shall, within 60 days from date of request, begin same, and complete within a reasonable time, as wanted by lessees, and said lessees shall therefor reimburse lessor by paying a reasonable yearly interest, same not to exceed 6 per cent on the cost of same, thereby leaving it entirely optional with the lessees as to whether or not they will require any repairs or alterations, a condition, the extent of which is left solely to the wishes or desires of the lessees.

*Olson v. Whiffen,* 175 Ill. App. 182, was a suit to recover damages for a breach of an oral contract to enter into a written contract, and it was there insisted that the contemplated contract was unilateral. In the decision of the case at page 184, the court said: "The contract which the declaration says it had been agreed should be put in writing, and remain in force five

years, fixed certain prices at which defendants should sell the articles named to plaintiff, but it contained no provision binding plaintiff to take any goods whatever from the defendants. He could order them if he wished or could entirely fail to order any. If the proposed contract had been signed, defendants could not compel plaintiff to buy a single article from them. To make a valid, executory contract, there must be at least two parties capable of contracting and both must be bound thereby The promise of each party must be concurrent and obligatory on both at the same time to render the promise of either binding. . . . It cannot be doubted, we think, that the contemplated contract was unilateral and void for want of mutuality under the repeated decisions of the court of this and other states." *Vogel v. Pekoc,* 157 Ill. 339; *Higbie v. Rust,* 211 Ill. 333; *Joliet Bottling Co. v. Joliet Citizens' Brewing Co.,* 164 Ill. App. 490; 254 Ill. 215.

Furthermore, it will be observed that the addendum discloses that whereas said lease is to run for a term of ten years there is no time fixed in which said lessees are to elect as to whether or not they will require any alterations or repairs to be made. So far as said addendum is concerned, appellees could have waited until the last year of the term, and then could have requested any sort of repairs or alterations to be made which they might desire or wish.

The averment of the declaration discloses that six years of said term had elapsed before said alterations and repairs were required, and the extent of the same would indicate that some considerable length of time would be required for their completion, so that only a minor portion of said term would be in existence by the time appellee would be required to pay additional rental, of not to exceed 6 per cent per annum of the costs of said alteration.

We conclude, therefore, that the covenant, while executory, is too uncertain in its terms on which to base a

right of action, and that the court did not err in sustaining the demurrer.

The judgment of the circuit court of Kankakee county will therefore be affirmed.

*Judgment affirmed.*