Fitzgerald Furniture Company, Appellee, v. Metropolitan Life Insurance Company, Appellant.

Gen. No. 36,271.

Opinion filed October 25, 1933.

HOYNE, O'CONNOR & RUBINKAM, for appellant.

KERN, STIEFEL & STIEFEL, for appellee; JACOB J. KERN and CHARLES W. STIEFEL, JR., of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This action was brought by the plaintiff in the municipal court of Chicago upon an assignment wherein the plaintiff as assignee sued in its own name for wages and commissions earned and to be earned by the assignor Walter J. Bartlett while in the employ of the defendant.

The suit by the assignee was brought in its own name under the statutory provisions authorizing such suits, ch. 110, sec. 18 of the Practice Act (Cahill's Ill. Rev. St. 1931).

After a hearing by the court without a jury, the court entered a judgment in favor of the plaintiff and against the defendant in the sum of $149.94. From this judgment the defendant appeals.

The plaintiff propounded certain interrogatories which were answered by the defendant, and from such answers it appears that Walter J. Bartlett was employed by the defendant at its branch office located at Elkhart, Indiana, as an agent, and was in its employ on March 6, 1931, and until July 4, 1931; that there was due said Bartlett on March 6, 1931, $5.45; that after March 6, 1931, there became due to him for wages, salary, commissions, shares of premiums and other indebtedness, $377.60; and that there was paid to him by the defendant after March 6, 1931, $755.52.

There is evidence that the assignor, Walter J. Bartlett, entered into a conditional sales contract and assigned to the plaintiff, to secure certain payments, all wages and commissions earned or to be earned, or to become due from the defendant. A copy of this assignment from Walter J. Bartlett to the plaintiff was served on the defendant on March 6, 1931.

The defendant contends that the trial court erred in the disposition of this litigation for the following reasons: that

(1)   The plaintiff's affidavit of claim purporting to be made by an agent of the plaintiff corporation, is not in compliance with the provisions of sec. 18, chap. 110, of the Practice Act;

(2)   The failure of the plaintiff to serve written notice of the pendency of suit on the assignor of such chose in action at least five days before the trial; and

(3)   The plaintiff did not prove that after notice of the assignment was served on the defendant there existed an indebtedness for wages or commissions due to Walter J. Bartlett from the defendant; but on the contrary it appears from the evidence that when Bartlett left the service of the defendant company on July 4, 1931, he was indebted to the defendant in the sum of $377.92, and that this amount is still due the defendant.

Aside from the sufficiency of the plaintiff's affidavit of claim, the question of sufficiency is raised for the first time in this court.   The defendant having failed to call this question to the attention of the trial court by a proper motion, it cannot now for the first time raise the question.

The defendant, however, contends that the question of the sufficiency of the affidavit is saved by its motion in arrest of judgment, because the court lacked jurisdiction to enter the judgment appealed from.

As we have indicated, the question could have been raised by a motion to strike the affidavit attached to the plaintiff's claim in the municipal court, and if this motion had been allowed, no doubt the court would have permitted the filing of an amended affidavit.   *Lambert v. City Trust & Savings Bank,* 252 Ill. App. 315; *Gordon v. Current,* 263 Ill. App. 435.

The second point brought to our attention by the defendant is that because of the failure of the plaintiff to

give five days' notice to the assignor of the suit, the plaintiff cannot maintain its action. The section of the statute relied upon by the defendant is, in part, as follows: "Provided, that in all cases in which the chose in action sued upon shall have been of an indebtedness from the assignor to the assignee thereof, and in which the chose in action so assigned consists of wages due or to become due to the assignor thereof from the defendant in such action, at least five days written notice of the pendency of such suit shall be served upon the assignor."

It is admitted by the plaintiff that the notice provided for by the statute was not served on Walter J. Bartlett before the trial of the cause. The reason advanced to excuse such failure is that by section 18 of the Practice Act, Cahill's St. 1931, ch. 110, ¶ 18, notice is required only when the assignment is of wages, and that where, as in this case, the assignment is of salary or commissions due or to become due, such assignment does not come within the meaning of the section in question, and therefore notice of the trial to the assignor was not required. The courts of this State in several of their opinions have answered this query. In *Paisley v. Park Fireproof Storage Co.,* 222 Ill. App. 96, the court said: "Whether or not an employee is a wage earner depends upon the nature and character of his work. *Sheehan v. Union Stock Yards & Transit Co.,* 172 Ill. App. 528. The term 'wages' as employed in another act has been held by the Supreme Court in *Massie v. Cessna,* 239 Ill. 352, as being restricted to sums paid as hire to domestic or menial servants and to artisans, mechanics, laborers and others employed in various manual occupations, while the term 'salary' is held to mean the compensation of clerks, bookkeepers and other offices of a like character."

The Supreme Court in the case of *Massie v. Cessna,* 239 Ill. 352, in passing upon the constitutionality of an

act entitled, "An act in relation to the assignment of wages, income or salary" (Hurd's Stat. 1908) said, in part: " 'Wages,' in its ordinary acceptation, has a less extensive meaning than 'salary.' 'Wages' is usually restricted to sums paid as hire or reward to domestic or menial servants and to sums paid to artisans, mechanics, laborers and others employed in various manual occupations, while 'salary' has reference to the compensation of clerks, bookkeepers, other employees of like class, officers of corporations and public officers. (2 Standard Dic. p. 1573; *In re Striker,* 158 N. Y. 526.)" See also *Mid-West Collection Bureau v. Dietrich,* 222 Ill. App. 43; *Dickinson v. Rahn,* 98 Ill. App. 245. Within the meaning of this act the assignor Walter J. Bartlett was not a wage earner. His employment was that of agent of the defendant to solicit insurance and to collect insurance premiums, and applying the construction hereinabove referred to, the assignor was not a wage earner in the sense that he was employed for hire as a mechanic or laborer, but as an agent for the defendant, whose duty it was to solicit and collect for the defendant, and being employed in that capacity, service of notice on the assignor of the pendency of the suit was not required.

The last and third reason relates to the weight of the evidence. It appears that the assignor Bartlett was employed by the defendant on the 6th day of March, 1931, the date on which a copy of the assignment was received by the defendant, and after receipt of this assignment moneys were paid to the assignor between the 6th day of March and the 4th day of July, 1931, amounting to $755.52; that the defendant seeks to overcome these payments by evidence that the assignor was indebted to the defendant in the sum of $377.60, and that this amount is still unpaid. The fact that

payments were made to the assignor from time to time has no bearing on the plaintiff's right to recover moneys due after service of the copy of the assignment. The evidence indicates that more than sufficient to satisfy plaintiff's claim was paid to the assignor Bartlett, notwithstanding the service of a copy of this assignment by Bartlett on the defendant.

From the evidence in the record, the court was justified in entering judgment for the plaintiff. Accordingly the judgment is affirmed.

*Judgment affirmed.*

HALL, P. J., and WILSON, J., concur.